22581. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. WILLIAMSON.

ARGUED SEPTEMBER 14, 1964—DECIDED OCTOBER 13, 1964.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Thomas A. Rice,* for plaintiff in error.

*Ernest Bostick, Grubbs, Prosser & Burke, Jordan H. Prosser,* contra.

ALMAND, Justice. The following questions have been certified to us from the Court of Appeals:

"1. Where at the expiration of sixty days after a demand by an insured for the amount claimed to be due under an insurance policy the insurance company knows of no good reason for refusing to pay the claim, does a defense later discovered and made, on the trial of the case, going far enough to show probable cause for making such defense vindicate the insurer's refusal to pay the claim so as to preclude the insured from recovering attorney's fees and penalty provided in *Code* § 56-1206?

"2. If the first question is answered in the negative does mere proof by the insured that the claim was not paid within sixty days after demand for payment by the insured constitute a prima facie case of refusal to pay in bad faith so as to cast the burden of showing good faith upon the insurance company?"

In an action to recover penalties and attorney's fees for the refusal of an insurer to pay a claim it must be shown that the refusal was in "bad faith," *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712), and the burden is on the insured to show that such refusal was made in bad faith. *Life & Cas. Ins. Co. v. Freemon,* 80 Ga. App. 443 (c) (56 SE2d 303); *Pearl Assurance Co. v. Nichols,* 73 Ga. App. 452, 455 (37 SE2d 227); *Security Insurance Co. v. Hudgins,* 87 Ga. App. 711 (1) (75 SE2d 267). "Bad faith," as the term is defined in *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712), means "any frivolous and unfounded refusal in law or in fact to comply with the de-

mand of the policyholder to pay according to the terms of the policy." *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 747 (125 SE2d 709); *American Fire &c. Co. v. Barfield,* 81 Ga. App. 887 (60 SE2d 383).

The provision for damages and attorney's fees, being in the nature of a penalty, must be strictly construed, and in order for a recovery of such items to be had it must appear from the evidence that the company in bad faith refused to pay the claim within 60 days after a demand had been made. *Alliance Ins. Co. v. Williamson,* 36 Ga. App. 497 (6) (137 SE 277). "The recovery provided in the Civil Code, Section 2549 [*Code Ann.* § 56-1206], is a penalty. Penalties and forfeitures are not favored. The right to such recovery must be clearly shown." *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 271 (121 SE 648).

"The question of good or bad faith on the part of the insurance company, in refusing to make payment to the beneficiary, can only be determined from evidence that is relevant and admissible for a determination of the case on its merits." *New York Life Ins. Co. v. Ittner,* 59 Ga. App. 89 (3) (200 SE 522). This court in *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 765 (12 SE 18) said: "The faith of the company should not be judged by the preliminary proofs or other *ex parte* affidavits, but by the case made at the trial. The preliminary proofs go to the liability, not to the faith of the company. Its duty to pay, without delay or resistance, would arise out of the fact of accidental death and the reception of sufficient preliminary proofs, and that duty could not be made more obligatory by any additional information volunteered by the plaintiff before or after suit. In refusing payment after due demand according to the statute, the company would act at its peril, a peril neither increased nor diminished by the amount of information it might have or obtain, but only by the weakness or strength of its defense as manifested at the trial, any weakness in the plaintiff's case being, of course, counted as part of the strength of the defense. A defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action. On the other hand, any defense not manifesting such reasonable

and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages therefor under section 2850 of the code."

The burden of proof of bad faith for failure or refusal to pay the claim within sixty days after a demand being on the beneficiary, the mere fact that the insurer did not comply with the demand is not evidence of bad faith, nor is any burden thereby cast on the insurer to prove good faith. The plaintiff, in the trial of the case, must prove by competent evidence that the refusal to pay was in bad faith. At such time the insurer, having the right to defend as against any liability on the policy, has also the right to show good faith in refusing to pay in reply to the plaintiff's charge and evidence that the refusal was in bad faith.

To support her position the defendant in error relies on *Reserve Life Ins. Co. v. Peavy*, 98 Ga. App. 268, 270 (105 SE2d 465). In the *Peavy* case, while it is stated in the opinion that liability for the penalty and attorney's fees attaches when the insurer in bad faith, after a sixty day demand for payment, fails or refuses the demand, we do not agree with the statement that such "is true regardless of whether at a later date there is reasonable cause to refuse the claim of loss." As was said in *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751, supra, the faith of the insurer should be judged by the case made at the trial and not by preliminary proof, and a defense on the trial showing a reasonable and probable cause for refusing to pay would vindicate the good faith of the insurer as effectually as would a complete defense to the action.

Our answer to the first certified question is "Yes."

Having answered the first certified question in the affirmative, no answer is required to the second.

*The first certified question is answered in the affirmative. All the Justices concur.*