40633. FIRST NATIONAL INSURANCE COMPANY OF AMERICA v. THAIN.

DECIDED NOVEMBER 5, 1964—REHEARING DENIED NOVEMBER 10, 1964.

604

*Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

FRANKUM, Judge. In a brief filed by counsel for the plaintiff in error in this court it is urged that this court give consideration to molding its judgment and decree so as to eliminate the grant of attorney's fees and penalties by allowing the plaintiff in error to pay into the registry of the trial court the amount of the verdict and judgment less the sum of $1,066, fixed by the jury as penalty for bad faith, and less the sum of $4,650, the amount fixed by the jury as attorney's fees. Plaintiff in error further argues in this connection that if this court will so mold its decree and judgment "the plaintiff in error can conclude this litigation without further expense to either party by paying into the court the sum of $4,271.87." As we construe this argument, plaintiff in error has thereby abandoned all assignments of error contained in the motion for a new trial and in the bill of exceptions except the assignment of error contained in special ground 10 of the motion for a new trial assigning error on the verdict and judgment awarding penalty and attorney's fees for bad faith on the ground that a finding of bad faith was not authorized by the evidence.

Prior to the rendition of the opinion of the Supreme Court in the case of *Interstate Life &c. Ins. Co. v. Williamson*, 220 Ga. 323 (138 SE2d 668), in answer to a certified question by this court, we entertained grave doubts as to the proper solution of this question as applied to the facts of this case. However, since the rendition of that opinion, this court is now of the opinion that this assignment of error is meritorious, and the suggestion of counsel for plaintiff in error will be followed.

With respect to the issue made by this special ground the evidence showed that the defendant's adjuster, Mr. Capers, contacted the plaintiff within a few days after the fire occurred for the purpose of adjusting the claim; that when he first contacted the plaintiff he was informed that a Mr. Carter, who lived next door to him (the plaintiff), was connected with a construction company, and this gentleman was called in and requested to submit an estimate for the cost of repairing the house. Mr. Carter examined the house in detail, and a few days thereafter submitted a written estimate of $6,835 as the cost of repairing it. The fact that this estimate was made is undisputed. Mr. Capers testified that he and Mr. Thain and Mr. Carter went over the estimate, and that he and Mr. Carter agreed on each item in the estimate as being a reasonable amount to charge for repairing the dwelling, and at that time he authorized Mr. Thain to go ahead with the repairs on that basis. Mr. Capers further testified that it was Mr. Thain's opinion that the house could not be repaired. Mr. Carter testified, however, that under the estimate which he prepared he would have taken out all of the damaged material and replaced it with new material and rebuilt the house back to its original condition so that it would have met the loan company's standards "VA or FHA." Mr. Capers further testified that after Mr. Thain refused to accept Mr. Carter's estimate he contacted another contractor, a Mr. W. E. Bell of Martinez, Georgia, who made another estimate; that he thereafter authorized Mr. Thain to have the house repaired using either estimate, but that Mr. Thain refused to do so; that he made quite a few offers to settle the case with Mr. Thain on this basis within 60 days after the fire occurred, all of which offers

Mr. Thain refused. Mr. Thain testified, however, that no offer of settlement was ever made by Mr. Capers. The proposal prepared by Mr. Carter on behalf of Prather & Carter Construction Co., Inc., by which they offered to repair Mr. Thain's house for $6,835, and on the basis of which Mr. Capers offered to settle with the plaintiff as thus testified to was dated February 22, 1961, eleven days after the alleged date of the fire loss.

The sole basis for the difference between the insurance company and the plaintiff arose from the plaintiff's contention that the house was not repairable and that his total loss amounted to $8,250, rather than $6,835. While finding in accordance with the plaintiff's contention that the house was not repairable may have been authorized (a question we are not now called upon to decide), yet, under the provision of the policy that the company's liability in the event of a loss would be "the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss," it was permissible for the company to take the position that it was not liable in an amount greater than the cost of repairing the house. Therefore, in refusing to pay the plaintiff's demand in a greater amount the company was not guilty of bad faith. The evidence above outlined clearly would have authorized the jury to find the amount of the loss in accordance with the defendant's contentions, and this being so, a finding of bad faith was not authorized. *Lincoln Life Ins. Co. v. Anderson*, 606 Ga. App. 238, 247 (136 SE2d 1). See also *Southern Ins. Co. v. Ray*, 40 Ga. App. 262 (149 SE 304); *Life & Cas. Co. of Tenn. v. Smith*, 51 Ga. App. 122 (179 SE 744); *Progressive Life Ins. Co. v. Smith*, 71 Ga. App. 157, 168 (5) (30 SE2d 411); *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746 (3) (125 SE2d 709).

In view of the evidence as to the defendant's contentions which was adduced at the trial, it was immaterial that under the plaintiff's evidence the jury might have been authorized to find that the defendant did not in fact offer to pay the plaintiff any amount prior to the time of the trial. *Interstate Life &c. Ins. Co. v. Williamson*, 220 Ga. 323, supra.

Since the amount of the penalty and attorney's fees awarded by the jury may be separated from the general verdict in favor of the plaintiff, this conclusion will not require the grant of a new trial, and the judgment overruling the motion for a new trial and in favor of the plaintiff is affirmed with direction that the sum of $1,066 found by the jury as penalty for bad faith and the additional sum of $4,650 found as reasonable attorney's fees be written off therefrom by the trial court, and a final judgment in favor of the plaintiff in the amount of $4,271.87, as found by the jury, plus interest as provided by law be entered.

*Judgment affirmed with direction. Felton, C. J., and Pannell, J., concur.*