## 49737. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. HOPGOOD.

Webb, Judge.

Interstate Life issued its accidental death policy for

$1,800 for a weekly premium of 22 cents to Jimmy Hopgood. After his death in Florida by gunshot wounds, Lina Hopgood, his mother and the beneficiary, presented her claim to the insurer's agent, but he said "no need me carrying it on because they're [insurer] not going to pay on it." On the trial of the case, insurer's district manager testified that they had no record of policy number 18446362 [the policy sub judice], and that the premiums were not paid on this particular policy, but that the premiums had been paid on seven other policies. The beneficiary on rebuttal produced the receipt book showing premiums had been paid on this policy. Insurer's counsel by leave of court communicated with the home office, ascertained that in fact the premiums had been paid, and stated in open court this discovery.

Insurer in its answer alleges the policy provides, inter alia, "No indemnity for death by accidental means shall be payable if death results from . . . injuries inflicted upon the insured upon [by] himself, while sane or insane, or by any other person than burglars or robbers . . ."; that insured was shot by another person who was neither a burglar nor a robber; and plaintiff, therefore, is not entitled to recover. To support this contention, the insurer attempted to introduce an unsworn court reporter's transcription of testimony made in magistrate's court in Dade County, Florida. The trial court, sitting without a jury, ruled this inadmissible.

In its findings of fact and law, the trial court found that policy No. 18446362 had been issued by the insurer; that Jimmy Hopgood was the insured; that he was accidentally shot to death; that at the time of his death all premiums had been paid; that the policy had been tendered with demand for payment, but the insurer through its authorized agent refused to accept the policy; that the insurer denied its existence and defended on the grounds of non-payment of premiums, which position it continued up to and including the date of trial; 60 days elapsed from date of demand for payment to date suit was filed; that the amount of insurance was $1,800; and reasonable attorney fee was $450.

The trial court concluded that the insurer had acted in bad faith within Code Ann. § 56-1206, and rendered

judgment for the principal of $1,800, plus $450 bad faith penalty, plus $450 attorney fees, and court costs.

The insurer's sole contention on appeal is that the trial court erred in concluding as a matter of law that the insurer acted in bad faith.

"The provision for damages and attorney fees, being in the nature of a penalty, must be strictly construed, and in order for a recovery of such items to be had it must appear from the evidence that the company in bad faith refused to pay the claim within 60 days after a demand had been made." *Interstate Life & Acc. Ins. Co. v. Williamson,* 220 Ga. 323, 325 (138 SE2d 668); Code Ann. § 56-1206.

"The faith of the company should not be judged by preliminary proofs or other ex parte affidavits, but *by the case made at the trial.* Its duty to pay, without delay or resistance, would arise out of the fact of accidental death and the reception of sufficient preliminary proofs, and that duty could not be made more obligatory by any additional information volunteered by the plaintiff before or after suit. *In refusing payment* after due demands according to the statute, *the company would act at its peril,* a peril neither increased nor diminished by the amount of information it might have or obtain, but only by the weakness or strength of its defense as manifested at the trial, any weakness in the plaintiff's case being, of course, counted as part of the strength of the defense. A defense going far enough to show reasonable and probable cause for making it, would indicate the good faith of the company as effectually as would a complete defense to the action. On the other hand, *any defense not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages* therefor under section 2850 [Code Ann. § 56-1206] of the code." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (4), 765 (12 SE 18).

The insurer's denial of the existence of the policy, and denial of the payment of premiums thereon, up to and including the trial and until the premium receipt book was shown in court by the beneficiary, was sufficient basis for the trial judge to find that the insurer

acted in "bad faith" within the terms of Code Ann. § 56-1206.

Able counsel for the insurer insist, however, that the "transcript" of testimony from a magistrate's court in Dade County, Florida, though not admissible as evidence to support its contention that the beneficiary could not recover for the insured's death within the terms of the policy, ought to be considered as evidence to negate a charge of bad faith on the part of the insured. The "transcript" did not meet the requirements of Code Ann. § 38-627.

"[I]t is sufficient to state that opinions of other persons as to the cause of death, and extra-judicial statements as to the facts surrounding the death which were hearsay, were not admissible. They were not competent or relevant on the issue whether or not the cause of the death was accidental or suicidal. *Not being competent and admissible for this purpose, they were not competent and admissible for the purpose of showing good faith* on the part of the defendant insurance company in refusing to pay the claim." *New York Life Ins. Co. v. Ittner,* 59 Ga. App. 89 (3), 103 (200 SE 522). (Emphasis supplied.)

"The good or bad faith of an insurance company in refusing to pay after demand is to be determined by the *evidence adduced at the trial* of the controversy, and not by ex parte affidavits produced to the company as preliminary proof . . . Probable cause for refusing payment will negative the imputation of bad faith, and *without such probable cause refusal will be at the company's peril.* Ex parte affidavits are not admissible to illustrate the question of good or bad faith." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (3), supra. (Emphasis supplied.)

The insurer had no defense to the action; it conceded in open court payment of the premiums, *after* the beneficiary showed the receipt book. Its "evidence" about the circumstances of death of the insured was not admissible. We find no error, and the judgment is affirmed.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED OCTOBER 11, 1974.

*Haas, Holland, Levison & Gibert, David L. Ross, Theodore G. Frankel,* for appellant.
*William R. Parker,* for appellee.