## 52962. PIEDMONT LIFE INSURANCE COMPANY v. LEA.

STOLZ, Judge.

The appellee sued to recover accidental death benefits under a policy issued by the appellant insurance company covering her deceased husband, Peter Lea. Judgment was rendered on a jury verdict in favor of the appellee for the accidental death benefits plus interest, a bad faith penalty, and attorney fees.

Peter Lea died on July 26, 1970, as a result of a gunshot wound, which the appellee claimed was accidental. The appellant contended that the shooting was not accidental within the terms of the policy because Mr. Lea was allegedly shot while committing an assault. The appellant produced witnesses at trial who testified that the deceased, while in a drunken condition, beat his female companion with his fists, kicked her, and assaulted her with a pistol. The weapon fired while they were fighting for it, thus mortally wounding him. Additional testimony, which was improperly excluded from evidence, as discussed in Division 1, infra, indicates that the deceased also threatened to kill the woman. This testimony was corroborated at least in part by more than one witness. The appellee's evidence showed that no assault took place and that the shooting was purely accidental. Although the jury found for the appellee, we must reverse the court's judgment for the reasons discussed below.

1. The appellant alleges that the court erred in refusing to admit as res gestae certain statements made by the deceased prior to the shooting. Several of the

statements in issue were not allowed in evidence because objections were sustained for reasons other than hearsay, such as their being conclusions. One hearsay statement, however, was clearly part of the res gestae, and the court erred in not allowing it in evidence. The witness who was allegedly being assaulted at the time Mr. Lea was shot testified, "[H]e threw the gun on me and was calling me nasty names. He told me that he was going to kill me."

It should first be noted that the contents of the first sentence are not hearsay, but testimony as to nonverbal and verbal acts performed by the deceased. At any rate, the quoted testimony is part of the res gestae because it happened only seconds before the fatal shooting and was a declaration accompanying the act. Code § 38-305; see *Helms v. State,* 138 Ga. 826 (1) (76 SE 353) (1912). It is not required that the res gestae statement be excluded solely because the declarant was not a party to this suit or because the declaration was not made between a witness and a party. See *Piggly-Wiggly Southern, Inc. v. Tucker,* 139 Ga. App. 873 (3) (1976); *Whitley v. State,* 137 Ga. App. 68 (2) (223 SE2d 17) (1975); *Jones v. State,* 120 Ga. App. 295 (2) (170 SE2d 305) (1969).

2. Based on the facts recited above, it affirmatively appears that the evidence presented at the trial indicated probable cause to believe that the deceased was killed while assaulting a person with a pistol. *Interstate Life &c. Ins. Co. v. Hopgood,* 133 Ga. App. 6, 9 (209 SE2d 703) (1974). Thus, there is no legal basis upon which a bad faith award or attorney fees can be based. Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712); *Shearer v. Griffin,* 233 Ga. 47 (4) (210 SE2d 5) (1974); *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (3) (177 SE2d 105).

3. Although the above portions of this opinion require reversal, two of the appellant's other enumerations of error should be discussed in order to facilitate any further trials in this case. First, we hold that the appellant does not have standing to disqualify the appellee's attorney of record in this case. In 1970, when the shooting occurred, Ms. Stewart, the deceased's female companion, was arrested and charged with murder. The appellee's attorney at that time represented her. Now she is the appellant's witness, and it is to the appellee's benefit

that her attorney discredit Ms. Stewart's testimony.

The Code of Professional Responsibility, DR4-101 (B), provides that "a lawyer shall not knowingly: (1) reveal a confidence or secret of his client; (2) use a confidence or secret of his client to the disadvantage of his client; (3) use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure." This duty continues indefinitely and would, of course, prohibit the appellee's attorney from disclosing confidences of Ms. Stewart or using those confidences to benefit the appellee without Ms. Stewart's permission. This rule is not intended for the protection of the appellant, however. It was written for the protection of former clients, such as Ms. Stewart. She is the only one having a right to object. She may do so under DR4-101(B)(3), supra. Thus, the appellant has no standing to present this issue before the court.

4. The appellant's claim that error was committed in refusing to allow him to have opening and closing arguments is without merit. See *Abel v. Jarratt & Co.,* 100 Ga. 732 (1) (28 SE 453) (1897); *State Hwy. Dept. v. Smith,* 111 Ga. App. 292 (3) (141 SE2d 590) (1965).

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED NOVEMBER 10, 1976.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Jay, Garden, Sherrell & Smith, Robert E. Sherrell,* for appellee.