54297. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY v. McCLAIN.

BANKE, Judge.

The appellant insurance company appeals a jury verdict awarding the appellee a full disability recovery under his insurance policy; a penalty against the appellant for its bad faith in discontinuing payments to

the appellee; and an award for reasonable attorney fees incurred by the appellee in bringing this action.

The appellee was injured in an automobile accident on March 11, 1973. He sought disability coverage under his insurance policy with the appellant company. The policy provided for indemnity payments of $200 per month for one year when the insured sustained accidental injuries which ". . . independently of other causes wholly and continuously disable the insured from performing any and every duty pertaining to his occupation. . ." An exclusion clause in the policy excepted coverage for any loss which was "caused or contributed to directly or indirectly by disease (insect borne or otherwise) or bodily or mental infirmity, or medical or surgical treatment or diagnostic procedure therefor."

The appellant paid the appellee disability benefits for approximately six months. It then ceased the monthly payments because of its belief that the appellee's pre-existing medical condition (osteoarthritis) had "contributed" to the appellee's total disability and that, by virtue of the exclusionary clause, he was therefore not entitled to benefits.

On March 14, 1975, the appellee filed a complaint against the appellant to recover the remaining unpaid benefits which he claimed were due, a bad faith penalty, and attorney fees. At trial, the appellant defended its course of conduct, relying on the medical testimony of the appellee's personal physician and on the fact that the appellee's condition had required hospitalization immediately prior to his accident. The jury granted the appellee all relief sought, and the appellant filed this appeal from the judge's denial of its alternative motions for judgment notwithstanding the verdict or new trial.

1. The trial judge did not err in denying the appellant's motion for directed verdict. Three doctors testified at trial as to their expert opinions for the cause of the appellee's disability. Because their testimony conflicted, a factual question arose as to whether the appellee's disability was solely the result of trauma sustained in the accident or whether the accident only served to aggravate the appellee's pre-existing condition of osteoarthritis. The judge properly left resolution of the

question of liability to the jury. See *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972); *Kelly Ford, Inc. v. Paracsi,* 141 Ga. App. 626 (2) (234 SE2d 170) (1977).

2. The appellant alleges prejudicial error in the following portion of the charge given to the jury: "In other words, the defendant insurance company has contended that the insured, Jessie McClain, was suffering from bodily infirmity prior to his injury. If in fact you determine that the said Jessie McClain had a disease or bodily infirmity prior to the injury, but the bodily infirmity that so existed did not substantially contribute to the injury which resulted from the accident, Jessie McClain would still be entitled to recover, notwithstanding the fact that the presence of the prior condition might aggravate the consequences of the accident, and thus result in the plaintiff's disability. The fact that Jessie McClain might have had a pre-existing bodily infirmity would not alone relieve the company from liability if his injury was the result of the automobile accident."

The charge was an incorrect statement of the law applicable to exclusion clauses of the type found in this policy. See *Prudential Ins. Co. v. Kellar,* 213 Ga. 453 (99 SE2d 823) (1957); *Harris v. Metropolitan Life Ins. Co.,* 66 Ga. App. 761 (19 SE2d 199) (1942). Under the policy, if the jury found a pre-existing medical condition contributed to the appellee's disability, whether substantially or not, the appellant had no legal duty to make payments to him.

We agree with the appellant that the charge was prejudicial and find that the trial judge erred in denying the appellant's motion for new trial.

3. The appellant has also alleged that the trial judge erred in denying its motion for directed verdict on the issue of its liability, pursuant to Code Ann. § 56-1206, for the bad faith penalty and attorney fees. In light of our decision in Division 2, the judgment for appellee on this issue is also reversed and remanded for new trial.

On retrial the appellee must present competent evidence of appellant's bad faith sufficient to carry his burden of persuasion. See *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668) (1964). In

defense, the appellant can present evidence to show that its refusal to pay was in good faith and any weakness in the appellee's case will strengthen its defense. *Interstate Life &c. Ins. Co. v. Williamson,* supra.

However, as the Supreme Court explained in the *Williamson* decision, "In refusing payment after due demand according to the statute, the company would act at its peril. . . A defense [at trial] going far enough to show *reasonable and probable cause* for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action. On the other hand, any defense not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages therefor under . . . the code." (Emphasis supplied.) 220 Ga. at 325, 326.

If, at trial, the appellee presents evidence showing the appellant's bad faith and the appellant's defense meets the "reasonable and probable cause" standard of *Williamson,* the question of bad faith must be submitted to the jury for final resolution. See *Cincinnati Ins. Co. v. Gwinnett Furniture Mart,* 138 Ga. App. 444 (226 SE2d 283) (1976). But cf. *United Ins. Co. v. Dixon,* 143 Ga. App. 133 (2) (237 SE2d 661) (1977). See also *First Nat. Ins. Co. v. Thain,* 110 Ga. App. 603 (139 SE2d 447) (1964); *Interstate Life &c. Ins. Co. v. Hopgood,* 133 Ga. App. 6 (209 SE2d 703) (1974).

*Judgment reversed and remanded for new trial. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED DECEMBER 1, 1977.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, III,* for appellant.

*Jones & Robbins, Frank H. Jones, Parker & O'Callaghan, James I. Parker,* for appellee.