## 34383. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY v. McCLAIN.

UNDERCOFLER, Presiding Justice.

The Court of Appeals, by certified question, asks for instructions on the proper standard for reviewing a judgment against an insurer for damages and attorney fees for bad faith in refusing to pay a claim. Code Ann. § 56-1206. Such judgment is not authorized if an insurer had reasonable and probable cause for making a defense to the claim. *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668) (1964).

However, in some cases, the Court of Appeals has

reviewed such judgments upon the sufficiency of the evidence to support the verdict. See *Poe v. Founders Life &c. Co.,* 145 Ga. App. 757, 760 (3) (245 SE2d 166) (1978); *Bituminous Casualty Corp. v. Mowery,* 145 Ga. App. 45 (244 SE2d 573) (1978); *Key Life Ins. Co. v. Mitchell,* 129 Ga. App. 192 (198 SE2d 919) (1973); *Old Equity Life Ins. Co. v. Barnard,* 120 Ga. App. 596 (171 SE2d 636) (1969); *Hartford Fire Ins. Co. v. Lewis,* 112 Ga. App. 1 (143 SE2d 556) (1965).

In other cases the Court of Appeals has reviewed such judgments under a rule which states that a finding of bad faith is not authorized if the evidence would have supported a verdict in accordance with the contentions of the defendant. The Court of Appeals questions this latter rule because as it states, "Since a verdict is authorized whenever there is 'any evidence' to support it, the effect of these decisions is to equate the defense standard of *Williamson* with the any evidence rule." See *United States Fire Ins. Co. v. Tuck,* 115 Ga. App. 562, 573 (2) (155 SE2d 431) (1967); *U. S. Fidelity &c. Co. v. Biddy Lumber Co.,* 114 Ga. App. 358 (151 SE2d 466) (1966); *St. Paul Fire & Marine Ins. Co. v. Postell,* 113 Ga. App. 862 (149 SE2d 864) (1966); *First National Ins. Co. v. Thain,* 110 Ga. App. 603 (139 SE2d 447) (1964).

1. The Court of Appeals asks: "Has the Court of Appeals in some cases improperly construed the 'reasonable and probable cause for making it' standard enunciated in *Interstate Life & Accident Ins. Co.,* 220 Ga. 323 [(138 SE2d 668)] (1964) as being equivalent to the 'any evidence' rule?"

The rule in *Williamson* appeared originally in *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 765 (12 SE 18) (1890) as follows, "A defence going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defence to the action. On the other hand, any defence not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith and to the assessment of damages therefor under section 2850 of the code."

The standard for reviewing any judgment is whether the evidence is sufficient to support the verdict. Under the

rule announced in *Williamson* and *Sheppard* the insurer's defense must be evaluated because if there was "reasonable and probable cause to make it" an award for damages and attorney fees for bad faith is not authorized. Not every defense bars a finding of bad faith. It is a defense which raises a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury.

This is the intention of the statute authorizing damages and attorney fees against insurers for refusing to pay promptly which we perceive was to penalize them for resisting and delaying payment unless good cause was shown. Accordingly we disapprove the rule that a finding of bad faith is not authorized if the evidence would have supported a verdict in accordance with the contentions of the defendant. This is an "any evidence" rule being used to reverse a judgment. Such a rule virtually precludes a finding of bad faith and allows unreasonable defenses to delay payment with impunity. The proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer.

Question 1 is answered in the affirmative.

2. The Court of Appeals also certifies to us this question: "Is the determination of whether the insurance company's defense meets the reasonable and probable cause standard of *Williamson,* supra, a threshold question of law for the trial judge, a factual question for the jury or both? Under what circumstances, if any, should a trial judge direct a verdict on the statutory penalties for bad faith?"

We decline to answer the second question because it cannot be answered affirmatively or negatively without regard to other issues of law or of fact. *Chapman v. Phillips,* 221 Ga. 278 (144 SE2d 449) (1965).

*Certified Question No. 1 answered in the affirmative. Question No. 2 not answered. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED MARCH 7, 1979.

*Patton & Hoyt, Wade C. Hoyt, III,* for appellant.
*Frank Jones, James I. Parker,* for appellee.