## 56283. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY v. McCLAIN.

CARLEY, Judge.

This is an appeal by the insurer from a judgment entered on a jury verdict in favor of the plaintiff for the full amount of his claim for benefits under a policy of accidental disability insurance together with an award of a bad faith penalty and attorney fees. This is the second appearance of this case in this court; after the first trial, judgment in favor of the claimant was reversed because of an error in the jury charge. *Colonial Life &c. Co. v. McClain,* 144 Ga. App. 201 (240 SE2d 759) (1977). That first trial also resulted in a verdict for a bad faith penalty and attorney fees and, in discussing the procedure to be followed on retrial, this court stated: "If, at trial, the appellee presents evidence showing the appellant's bad faith and the appellant's defense meets the 'reasonable and probable cause' standard of *Williamson,* the question of bad faith *must be submitted to the jury* for final resolution. [Cits.]" (Emphasis supplied.) *Colonial Life &c. Co. v. McClain,* 144 Ga. App. 201, 204, supra.

The insurance policy upon which plaintiff's claim

was based provided for the payment of monthly benefits to plaintiff for disabilities resulting from accidental injuries and excluded coverage for loss "caused or contributed to directly or indirectly by disease (insect borne or otherwise) or bodily or mental infirmity, or surgical treatment or diagnostic procedure therefor." Plaintiff claimed against the policy on the basis of his disability allegedly resulting from an automobile accident. The evidence showed that the defendant insurer initially honored plaintiff's claim and commenced payments to plaintiff of disability benefits provided by the policy. However, after making such payments for approximately six months, defendant — invoking the exclusionary clause of the policy by contending that plaintiff's pre-existing medical condition "contributed" to the disability — ceased the monthly disability payments. Plaintiff transmitted to defendant the statutory demand prescribed by Code Ann. § 56-1206 as a condition precedent to a claim for bad faith penalty and attorney fees, the defendant refused to reinstate the monthly payments, and plaintiff sued on the policy seeking the benefits plus bad faith penalty and attorney fees.

At the trial resulting in this appeal, two physicians testified that the disability of the plaintiff was caused solely by the traumatic injury which was sustained in the accident. Defendant offered the testimony of a family physician of plaintiff to the effect that prior to the accident plaintiff had suffered from osteoarthritis. Although appellant elicited from the doctor on direct examination an opinion that the pre-existing condition contributed to the disability, the record reveals this doctor's testimony to be contradictory and inconsistent within itself and, in fact, cross examination produced the doctor's admission that the disability was the result of the accident.

At the conclusion of the evidence the trial court denied defendant's motion for directed verdict as to the bad faith penalty and attorney fees issue and submitted the case to the jury.

We think it germane to observe the fair, full, and adjusted charge of the court with regard to this issue, to wit: "Ladies and Gentlemen, if you find that the Defendant, Colonial Life & Accident Insurance Company,

had any reasonable grounds for refusing to pay the claim and for contesting the right of Plaintiff to recover under the policy of insurance sued upon, then you cannot return a verdict awarding attorney's fees and damages for bad faith. You are to consider in this regard all facts and evidence brought out during the trial. I charge you that bad faith means a frivolous and unfounded refusal to pay the claim and you can only award damages and penalties for bad faith against the Defendant if you find that the Defendant exercised a frivolous and unfounded refusal to pay the claim involved in this case."

The jury returned a verdict against defendant in favor of plaintiff in the amount of $4,891.50 representing the disability benefits, in the amount of $1,222.87 representing bad faith penalty, and in the amount of $8,865 representing reasonable attorney fees. The insurer appeals only with respect to the award of bad faith penalty and attorney fees and enumerates as error the trial court's failure to direct a verdict on this issue.

Although the trial court handled the issue now on appeal in the manner directed by this court in its opinion remanding the case for a new trial, the apparent conflict in decisions of this court concerning the proper standard of review of such a verdict induced us to certify to the Supreme Court the following question, to wit: "Has the Court of Appeals in some cases improperly construed the 'reasonable and probable cause for making it' standard enunciated in *Interstate Life & Accident Ins. Co.,* 220 Ga. 323 [(138 SE2d 668)] (1964) as being equivalent to the 'any evidence' rule?"

The Supreme Court answered affirmatively and clearly enunciated that "[t]he proper rule is that the judgment should be affirmed if there is *any evidence* to support it unless it can be said as a *matter of law* that there was a *reasonable defense which vindicates the good faith of the insurer."* (Emphasis supplied.) *Colonial Life &c. Co. v. McClain,* 243 Ga. 263, 265 (1979). The opinion of the Supreme Court answering the certified question also stated: "Accordingly we disapprove the rule that a finding of bad faith is not authorized if the evidence would have supported a verdict in accordance with the contentions of the defendant. This is an 'any evidence' rule being used to

reverse a judgment. Such a rule virtually precludes a finding of bad faith and allows unreasonable defenses to delay payment with impunity." *Colonial Life &c. Co. v. McClain,* supra, 265.

The Supreme Court's clarification of the rule of law applicable to appellate review of a verdict such as the one now before us demonstrates unequivocally that the issue was properly submitted to the jury since, under the facts of this case, it cannot be said "as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." Accordingly, the trial court correctly denied the insurer's motion for directed verdict.

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Shulman and Underwood, JJ., concur. Banke and Birdsong, JJ., dissent.*

ARGUED SEPTEMBER 11, 1978 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 26, 1979.

*Patton & Hoyt, Wade C. Hoyt, III,* for appellant.
*Jones & Robbins, Frank H. Jones, James I. Parker,* for appellee.

BANKE, Judge, dissenting.

While I am sympathetic to the result reached by the majority, I do not believe that it can be reconciled with the Supreme Court's response to our certified question in this case. Striving for equal justice between the parties, as I see it, I must, therefore, respectfully dissent.

As noted in the majority opinion, the Supreme Court has ruled that the award of a bad faith penalty and attorney fees made pursuant to Code Ann. § 56-1206 must be affirmed "if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979). It is well settled that the reasonableness of the insurer's defense is to be judged *solely* by the strength or weakness of its defense at trial, and not by preliminary proofs. *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 765 (12 SE 18) (1890); *Interstate*

*Life &c. Co. v. Williamson,* 220 Ga. 323, 325 (138 SE2d 668) (1964).

I believe that a reasonable defense was presented in this case. The controlling issue at trial was whether the plaintiff's disability resulted purely from an automobile accident or whether some pre-existing condition or infirmity contributed to it. The plaintiff offered the testimony of two physicians on this point and the defendant that of one physician. Of the three, only the defendant's witness, who was the plaintiff's family physician, had seen the plaintiff before as well as after the accident. He testified that immediately prior to the accident the plaintiff was suffering from a variety of ailments, among them osteoarthritis. When he saw the plaintiff a few weeks later, after the accident, the plaintiff reported basically the same complaints that he had expressed previously, i.e., pain in his neck and hands. The doctor testified that the only change which he perceived in the plaintiff was that after the accident he was wearing a neck collar. Furthermore, he stated unequivocally that in his opinion the accident was *not* the sole cause of the plaintiff's disability but rather contributed to it by aggravating the pre-existing arthritic condition of his neck. Contrary to the assertion appearing in the majority opinion, the doctor did not renounce this opinion or equivocate about it on cross examination. He merely agreed with counsel for the plaintiff that a leg brace and neck collar which the plaintiff was required to wear after the accident made him "disabled to perform the duties of a truck driver." This, of course, begs the central question of whether the pre-existing arthritis contributed to the need for the collar and brace.

The testimony of the plaintiff's experts, of course, generally supported his case. However, one of them stated on cross examination that the plaintiff had a pre-existing syphilitic condition which could have had a "bearing" on his disability, and the other testified that an advanced case of osteoarthritis "could have been a contributing factor." In my opinion, these statements, together with the family physician's testimony, provided reasonable support for the insurance company's defense at trial, even though the jury as fact finder was certainly entitled to

reject this evidence and find for the plaintiff. Of course, the jury also found that the company had acted in bad faith in discontinuing payments. However, it is by no means clear that this finding was based on a determination that the company's defense at trial was unreasonable. The plaintiff introduced evidence showing that the company initially gave an altogether frivolous reason for discontinuing payments and that the pre-existing condition defense was not discovered until later. Given the court's charge on the issue, which is quoted in the majority opinion, the jury may well have based its finding of a bad faith refusal to pay on this evidence. However, as noted previously, the Supreme Court has ruled that the existence of bad faith in refusing to pay a claim is to be judged solely by the strength or weakness of the defense presented at trial and not by preliminary proofs.

In summary, I believe that the evidence introduced at trial established a reasonable defense to the merits of the plaintiff's claim. Therefore, I would reverse the award of the bad faith penalty and attorney fees in accordance with the standard set forth by the Supreme Court in response to our certified question in this case.

I am authorized to state that Judge Birdsong joins in this dissent.