## 58911. ALLEN v. NATIONAL LIBERTY LIFE INSURANCE COMPANY.

SMITH, Judge.
The sole question presented by this appeal is whether appellee has established as a matter of law that its denial of the decedent's insurance claim was not "vexatious and without reasonable cause." The trial court answered this question in the affirmative and granted appellee's motion for partial summary judgment on appellants claim for damages under Code § 56-611. We affirm.

Appellant, the executor of the decedent's estate, contends that as a result of a fall, decedent broke her hip. Allegedly, gangrene set into the decedent's foot as a result of the broken hip. Due to the gangrene, the decedent's foot had to be amputated. Appellee contends that the gangrene was caused, at least in part, by arteriosclerosis. The parties apparently agree that if appellee's contention is correct, appellant is not entitled to benefits under the policy. In our view, appellee had "reasonable cause" to

believe that arteriosclerosis was a cause of the gangrene.

In support of its motion for summary judgment, appellee submitted the deposition of Dr. James L. O'Brien, the pathologist who examined the decedent's leg tissue following the amputation. Dr. O'Brien testified unequivocally that, in his expert medical opinion, the loss of appellant's foot was the result of arteriosclerosis. Compare *Colonial Life &c. Ins. Co. v. McClain,* 150 Ga. App. 883, 884 (258 SE2d 655) (1979). Although it does not appear that Dr. O'Brien's opinion was known by appellee at the time it decided to deny the decedent's claim for benefits, such testimony is nonetheless admissible for the purpose of disproving appellant's allegation that the denial of benefits was "vexatious and without reasonable cause." *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668) (1964).

In opposition to appellee's motion, appellant submitted the affidavit of the decedent's attending physician, Dr. Augustin S. Carswell. Dr. Carswell testified that, in his expert medical opinion, the loss of the decedent's foot was caused by the broken hip.

Ordinarily, "the question of good or bad faith of the insurer is for the jury." *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45, 53 (244 SE2d 573) (1978). However, if the question of liability is a close one, the insurer cannot be guilty of bad faith. *Ga. Farm Bureau Mut. Ins. Co. v. Matthews,* 149 Ga. App. 350, 352 (254 SE2d 413) (1979).

Under the evidence submitted on appellee's motion, it is clear that genuine issues of material fact exist on the question of what caused the decedent's loss. However, it is also clear that appellee has evidence on which a substantial defense to liability under the policy can be based. Since the denial of benefits was based upon "reasonable cause" and was not "vexatious," the trial court did not err in granting appellee's motion for partial summary judgment.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted November 20, 1979 — Decided February 22, 1980.

*Thomas W. Tinley, III,* for appellant.
*Thomas W. Tucker,* for appellee.