## 59175. BENEFICIAL STANDARD LIFE INSURANCE COMPANY v. BENNETT.

DEEN, Chief Judge.

Yoshiko Bennett brought an action against Beneficial Standard Life Ins. Co. to recover benefits as beneficiary of an accidental death policy issued to her husband. A jury verdict was rendered against the insurance company in the amount of $25,000 together with a bad faith penalty of $5,000. The insurance company appeals.

1. The trial court gave the following charge on accident: "Now, I charge you that there can be no accident as a matter of law, without some proof of facts pointing to a death by accidental means. In cases where the facts prove, and show that the insured met his death by external and violent means which resulted in physical wounds or to contusions on the exterior of the body, there is a presumption of accident. But, where there is no showing of external violent means producing visible wounds or contusions, if there is a presumption at all, it is that death is due to other causes, and the burden is on the plaintiff to affirmatively prove accident. However, I charge you that death by asphyxiation or drowning when established by the evidence is proof of violence, an accidental death." The insurance company contends that the trial court erred by invading the province of the jury by expressing an opinion in the last sentence of the charge. Part I of the policy provides that "'injury' wherever used in this policy means bodily injury caused by an accident . . . and resulting directly and independently of all other causes in loss covered by this policy." The last paragraph also provides: "The company shall not be liable for any loss sustained or contracted in consequence of the covered member's being intoxicated . . ." As the burden of proof was on the plaintiff to prove death by accident within the terms of the policy, and the evidence showed that her husband had a .3% blood alcohol level when the autopsy was performed, this portion of the charge constituted an impermissible comment on the evidence by the trial judge which was tantamount to directing a verdict in favor of the plaintiff. See Code Ann.

§ 81-1104. Indeed, possible or probable errors in transcription have rendered the entire accident charge so garbled that it is almost unintelligible.

2. As this case contains reversible error, it is unnecessary to rule on appellant's remaining enumerations of error including the allegation that the trial court erred in failing to direct a verdict on the issue of its liability for bad faith and attorney fees. As this case must be retried, we would like to direct the court's attention to *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263 (253 SE2d 745) (1979), s. c. 150 Ga. App. 883 (258 SE2d 655) (1979).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 11, 1980 — DECIDED MARCH 7, 1980.

*George A. Haas, Norris C. Broome, Terry A. Dillard,* for appellant.
*Delman L. Minchew,* for appellee.