76500. SOUTHERN INSURANCE UNDERWRITERS, INC.
v. RAY.
(373 SE2d 236)

BEASLEY, Judge.

Insurer Southern Insurance Underwriters, Inc. (SIU) appeals from the denial of its motion for judgment notwithstanding the verdict or in the alternative for new trial, and from the denial of its motion for litigation costs and attorney fees under OCGA § 9-15-14. These followed a jury trial in a suit brought by its insured Ray to

recover the policy limits for a building destroyed by fire.

The trial court partially granted SIU's motion for a directed verdict, ruling that it had the right under OCGA § 33-32-5 (a) and the policies to rebuild the destroyed structure instead of paying the face amount of $31,000. The jury returned a verdict in favor of Ray for $5,200 penalty and $8,000 attorney fees under OCGA § 33-4-6. The court entered judgment for these sums and ordered that the insurer reconstruct Ray's dwelling, as nearly as possible, with the same workmanship and material, and to the same state of completion as it was prior to the loss.

1. Appellant contends that it was error to deny its motion for j.n.o.v. or new trial because there was no evidence of bad faith in refusing to pay the claim within sixty days of demand.

" 'In an action to recover penalties and attorney's fees for the refusal of an insurer to pay a claim it must be shown that the refusal was in "bad faith," [OCGA § 33-4-6 . . . ] . . . , and the burden is on the insured to show that such refusal was made in bad faith. [Cits.] "Bad faith" . . . means "any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy." [Cits.]. . . .' " *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703 (1) (302 SE2d 605) (1983).

The evidence viewed most favorably toward Ray established the following: The fire loss on the semi-completed structure occurred on December 6, 1985. That evening Ray's insurance agency was notified. SIU received notice of the loss on December 10. The insurance agency did not respond to Ray's inquiries concerning the claim, so Ray retained an attorney. The attorney sent a letter to the agency on January 6, 1986, demanding the policy limits be paid within five days. A second letter demanding payment was sent to the agency on January 14 and copied to SIU. On January 17, Ray's attorney was advised by SIU that the policy had been issued and the claim assigned to an adjuster. No insurance policy was mailed to Ray at that time, although the policies were effective as of October 25, 1985.

On January 21, Ray's attorney notified the adjuster of his representation of Ray. Ray gave a recorded statement to the adjuster on January 27. On January 30, Ray's attorney wrote the adjuster making a demand for a proof of loss. Ray had not received a copy of either of the two policies issued to cover the structure, nor had he been furnished the name of the underwriter. The attorney mailed the adjuster a list of material and labor spent on the destroyed house on February 13. The adjuster's report was received by SIU on March 7.

On April 14, more than four months after the fire, SIU provided Ray with a copy of the policies, a blank proof of loss (see OCGA § 33-24-39), and a reconstruction estimate of $15,804. On May 14, Ray rejected SIU's offer which had been made via the adjuster, and again

demanded policy limits. He also again requested the name of the underwriter. On June 4, the adjuster notified Ray for the first time of the insurer's intention to replace the structure or pay its revised estimate of $23,689. Ray rejected the offer and filed suit.

SIU argues that the evidence at most shows a delay caused by investigation of the fire and obtaining estimates to rebuild. Even assuming that investigation led to some delay, the insured was not notified of it nor of the insurer's desire to rebuild rather than pay under the policies' limits until seven months after the fire.

" ' "[T]he proper rule is that the judgment (for bad faith penalties and attorney's fees) should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." ' [Cit.]" Id. at 707 (1).

The lag as explained and the extent of the offer are some evidence supporting a bad faith finding and precluding a conclusion that bad faith was not proved as a matter of law.

2. The insurer further maintains that although the trial court was correct in recognizing its right to rebuild the destroyed structure, it erred in entering a judgment ordering reconstruction of the insured premises instead of a money judgment in an amount not exceeding the cost of repair.

Plaintiff in his complaint and in the consolidated pretrial order sought simply a money judgment and did not make a claim for specific performance. In ruling on the motion for directed verdict, the court accepted the insurer's position that it did not have to pay the policy limits, based on the policy provision that "it shall be optional with this Company . . . to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

The court indicated it would extend that right to the insurer, and no one complained. It instructed the jury that the only issue before it was the statutory penalty and attorney fees, because "[t]he insurance company has offered to rebuild, or reconstruct the property so that will not be an issue before you." Defendant did not object to this ruling on its motion for directed verdict, and thus it acceded to removing from the jury the question of what amount, if any, the insured would be entitled to for failure of insured to rebuild. Plaintiff did not appeal from that resolution even though it sought a money judgment instead of specific performance, and it did not insist that insurer had lost the right to rebuild by not giving notice within thirty days or by not rebuilding within a reasonable time.

As to insurer's appeal, " '[o]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided

in causing.' [Cit.]" *Dodd v. Dodd*, 224 Ga. 746, 747 (164 SE2d 726) (1968).

3. Lastly, appellant urges that it was error for the trial court to deny its motion for litigation expenses and attorney fees because Ray had taken the position that SIU was obligated to pay the policy limits rather than rebuild.

The award sought may be made when a "party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." OCGA § 9-15-14 (a).

There was evidence that plaintiff believed the insurer had forfeited any right to rebuild because of its dilatory actions. Moreover, insurer sought to force a rebuilding or payment of $23,689, even though the policy did not provide for the latter. Insured's refusal to accept either alternative and to seek legal redress was not wholly frivolous. We find no error in the trial court's denial of the insurer's motion for litigation costs and attorney fees.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988

*W. Grady Pedrick*, for appellant.
*Leon M. Braun, Jr., Richard D. Phillips*, for appellee.