The Southern Insurance and Trust Company *vs.* Lewis & Brothers.

THE SOUTHERN INSURANCE AND TRUST COMPANY, plaintiff in error, *vs.* A. LEWIS & BROTHERS, defendants in error.

1. A brought his action upon a policy of insurance, and it appeared on the trial that he had erected the storehouse insured upon the land of B, under a parol contract that he was to have the title, and in consideration thereof was to erect an adjacent store for B. A went into possession under the contract, and erected his store and was building a store adjoining for B, in pursuance of his contract:

*Held*, That A had an insurable interest in the property, under section 2953 of the Revised Code, and that the recital in the policy of A's ownership of the storehouse insured was not a misrepresentation, under the facts in this case; and that the recital of *ownership* in a policy of insurance is not such a technical expression as amounts to warranty, under our law.

2. Where A insures property with B, who is the agent of the company, and pays B an additional per cent. on the premium on account of carpenter's work being carried on in the completion of joining building, and such fact is not expressed in the face of the policy:

*Held*, That this did not avoid the policy. When a building is insured and an adjoining one has some hazardous business carried on therein, though such fact increases the risk, it is not necessary to express it in the face of the policy, when it is known to the agent.

3. Where A insures property, and, in the policy, carpenter's trade being carried on within the building, is denominated hazardous, and the proof is that no carpenter's work was done within the building insured, but was being carried on, not as a trade, but for the purpose of erecting another building:

*Held*, Under the facts that this did not violate the conditions of the policy and render it void.

4. When on the trial the Court permitted the proof of loss to go to the jury, as evidence of the ownership:

*Held*, Such use of this testimony was not authorized; that the rule is, the proof of loss by claimant under his policy, may go to the jury to show his compliance with the terms of the policy, but is not evidence of ownership, loss, or value, but such must be established by proof under the rules of evidence. But as in this case the evidence is complete and uncontroverted upon the point, we do not regard it sufficient to set aside the judgment.

5. When the Judge charged the jury, in his opinion, A had an insurable interest:

*Held*, That this was an improper mode of presenting the case. He ought to have called the attention of the jury to the facts, and then

stated : "If you believe, etc., etc., then in the opinion of the Court, under the law, you will find that he had an insurable interest." But, under the facts in this case, we regard the statement rather as a legal conclusion, than an opinion on the facts ; and as the case was clearly made out, we do not think it sufficient ground to reverse the judgment.

Insurance. Parol contract for land. Before Judge SCHLEY, Chatham Superior Court. May Term, 1870.

In February, 1867, A. Lewis & Brothers took a policy of insurance, from plaintiff in error, upon a building, described in the policy as "owned and occupied by the assured as a *store.*" In the policy it was stipulated, "if the above mentioned premises, at any time during the period for which this policy would otherwise continue in force, shall be used for the purpose of carrying on therein any trade or occupation, denominated hazardous, extra-hazardous, or specially hazardous, from thenceforth this policy shall be of no force or effect." And "this policy is made and accepted in reference to the terms and conditions herein contained and annexed, which are declared to be a part of this contract."

Among the conditions referred to, were various trades, occupations, etc., denominated hazardous, but carpenter's trade was not named therein. But adjoining this list was a memorandum, naming various other trades, including that of carpenter's, with a statement that *these* would be insured at special rates of premium. The policy also required that persons sustaining loss should give notice and make proof, "showing the ownership of the property insured," etc.

The property was burned. The assured made the proof, calling themselves therein "owners," etc. The company refused to pay and were sued upon the policy. The company pleaded the general issue. Plaintiff's counsel read in evidence the policy and proof of loss. The company's agent testified that he made the insurance at Thomaston, Georgia, and received, as a premium, a sum "including one-half per

cent. for carpenter's risk, though not so expressed in the policy."

He proved the loss by fire, and the value of the building. He further testified, that he owned the land, partly covered by this building, but agreed, verbally, with the assured that if they would complete him a certain building thereon, ready for business in the fall of 1867, he would convey to them the land not covered by *his* building. Their's was the middle building—his a side tenement. No carpenter's work was done in the insured building after the policy was taken out, but the assured did have carpenter's work done in the side tenements up to the time of the fire.

The plaintiffs having closed their case, defendant's counsel moved for a non-suit, on the following grounds: 1st. Because the evidence did not show that the plaintiffs had an insurable interest on the house; and, 2d. If they had an insurable interest, it was not such ownership as they warranted they had, and, in either case, they could not recover.

This motion was overruled, and the defendant excepted. The case was then submitted to the jury, under the charge of the Court, with such objections as to evidence, and with such requests, in writing, for the Court to charge, as appear in the grounds for motion for a new trial; and the jury rendered a verdict for the plaintiffs for the sum of $2,000 00, with interest from the 27th day of July, 1867, and costs of suit.

The defendant thereupon moved for a new trial, on the following grounds, to-wit: 1st. Because the Judge, on a motion for a non-suit, made by defendant's counsel, after plaintiffs closed their testimony, erred in ruling that the proof of loss which the plaintiffs furnished the defendant, as required by the policy, was competent evidence for the jury to consider in connection with the other testimony, to find the fact of ownership in the plaintiffs. 2d. In allowing (after objection made,) said proof of loss to go to the jury for any other purpose than to show that the plaintiffs had complied with the policy, which required them to furnish such proof within

sixty days after the fire or loss.    3d.  In admitting (after objection made by defendant,) that part of Bethel's testimony, which set forth a verbal agreement with plaintiffs, made before the policy was issued, allowing them to carry on carpenter's work, when the policy (the written contract,) was silent as to such extra risk.  4th.  In permitting the plaintiffs' counsel, against the objection raised by defendant's counsel, to comment to the jury on the proof of loss, as evidence, in itself, of the fact, that plaintiffs owned the house insured, and of the value and destruction of the same.  5th.  In refusing to charge the jury, as requested by defendant's counsel, that if Lewis & Brothers had to complete a house for Bethel before they would be entitled to the land, then Bethel received no consideration, unless the house was completed, and, until completed, Lewis & Brothers acquired no insurable interest therein.  6th.  Because the Court, in lieu of the above request, charged the jury as follows: "If you find that Lewis & Brothers had even commenced the house for Bethel, then they had an insurable interest in the house which they had erected on Bethel's land."  7th.  Because the Judge erred in charging the jury that, in his opinion, Lewis & Brothers had an insurable interest in the house on Bethel's land, and in repeating said expression to the jury.  8th.  Because the Judge erred in charging the jury as follows: "If you find that the carpenter's work was carried on after the policy was issued, with the knowledge of Bethel, the defendant's agent, the defendant cannot now avail itself of that fact, to avoid its liability on the policy, on the ground that the risk was thus increased."  9th.  Because the jury found contrary to law.  10th.  Because the jury found contrary to evidence.  11th. Because there is no legal evidence to support the verdict.

The Court refused a new trial, and error is assigned on said grounds.

T. M. NORWOOD, for plaintiff in error.

HARTRIDGE & CHISOLM, for defendants.

LOCHRANE, C. J.

This was an action of assumpsit brought by Lewis & Brothers against the Southern Insurance and Trust Company, upon a policy issued by them on a certain store-house in Thomaston, for $2,000 00.    The policy describes the property as one single-story wood building, owned and ocupied by the assured as a store.    The policy provides, that should the property be used for the purpose of carrying on therein any trade or ocupation, etc., denominated hazardous, it should be void; and by reference to the conditions expressed in the policy, certain trades therein mentioned, are denominated extra-hazardous, among which are "carpenter's."    It appears from the record of the trial, that this house was destroyed by fire, and that it was worth more than the amount for which it was insured; that it was ocupied as a store by the parties, and it further appears that Thomas F. Bethel, the agent of the company with whom the policy was taken out, was the owner of the land upon which the building was situated, and that he had agreed to make the plaintiffs below a title to the land upon their erecting for him a building of certain dimensions upon a part of the said property.    The evidence discloses the fact that, in pursuance of this parol agreement, Lewis & Brothers had erected the store, the subject matter of this insurance and suit, and were, in the execution of their contract, erecting the building under their agreement for Bethel; and it further appears that the carpenters were at work in the erection of this building adjacent to the one that was destroyed by fire, at the time of such fire, there being no carpenter's work done in the building covered by the policy of insurance, after such policy had been issued.    It also appeared from the evidence, that the premium paid for insurance was three per cent. including one-half of one per cent, not expressed in the policy, for the carpenter's work.

Upon the introduction of this testimony, which contained substantially the facts, defendant moved for a non-suit upon

the ground that the plaintiffs had not an insurable interest in the house, and if they had, it was not such an ownership as they warranted, which motion the Court overruled, and this constitutes the first exception necessary to be adjudicated. We think the Court below was right, and the reasons for our opinion will appear in the further decision of the question in this case.

After the non-suit was refused, the case was submitted to the jury, and they found a verdict for the plaintiffs. A motion was made for a new trial upon several grounds, which was overruled by the Court, and that decision we will briefly dispose of in connection with the various grounds of error alleged.

1. The first and main question of this case is, whether the parties, under the facts, had an insurable interest, and if such interest came within the recital of the policy as to *ownership* of the building and store. Section 2753 of the Code says, " to sustain any contract of insurance, it must appear that the assured has some interest in the property, or event insured, and such as he has represented himself to have. A slight or contingent interest is sufficient, whether legal or equitable." Under the proof, it is clear that the parties had an interest in the property insured, more than a slight or contingent interest, but an unquestioned equitable interest and ownership of the building; and, in any view we may take, the equitable title to the land, neither in the nature nor extent nor character of the risk, would it be changed by the question of such ownership. Bethel entered into an agreement with Lewis and Brothers, to grant them the land on which this building was erected, in consideration of their erecting for him a building upon an adjacent lot. In pursuance of this agreement, they entered upon the property, erected this store, and were in the actual completion of the building agreed to be erected for Bethel. Their title to this store was one in which the Courts of Equity would have protected them. Bethel could neither have recovered the premises in ejectment, nor could

he have claimed the building, or removed it, or by any process, either in law or equity, have interferred with their right, title and possession thereto. Besides, Bethel himself was the agent of the company; he knew all the facts and their recital of ownership would have estopped him from claiming title thereto, and there could be none other, either at law or equity, competent to assert it. Again, the recital of ownership in a policy of insurance is not such a technical expression as amounts to a warranty. Parties holding bond for titles may be regarded owners, even where the purchase-money is not all paid. The good faith of the representation is the main test within the provisions of section 2760 of the Code of this State. And we may here remark that the law of insurance embodied in the Code contains the essential principles controlling questions arising under such policies, and is a clear expression of the law upon this subject. We, therefore, hold that these parties had an insurable interest under the law of this State.

2. Another objection urged by counsel is, " the carpenter's work carried on by Lewis & Brothers in the adjoining tenement, without provision, rendered it void." We see no force in this objection. The policy denominates as hazardous " carpenter's trade being carried on within the building insured." The evidence here is that no such business was carried on, and the objection fails as a matter of fact. Lewis & Brothers were completing the adjacent store, and the necessary carpenter's work was being carried on in the accomplishment of this purpose; but this did not void the policy, either in its terms or conditions.

3. It was not carrying on the carpenter's trade in the building insured, and stands precisely as where an insurance company takes a risk upon one building used for one purpose, contiguous to another in which there is some trade carried on that may be hazardous, and for which, as under the proof in this case, an additional per centage on the premium was charged. Besides this fact was known to the agent of

the company at the time of the insurance, and he charged the extra premium for such additional risk; and we may remark that there is a wide distinction between carrying on a carpenter's trade in a building and the use of such carpenter's work merely, as may be called in requisition to complete a building or repairs. But as there was no carpenter's work or trade carried on in the insured building, it is clear that such carpenter's work in an adjacent building did not bar the plaintiff's recovery. And we think the Court below did not err in its charge to the jury, based upon this view of the law; nor do we think the jury found contrary to the law or the evidence under the facts in this case.

4. The fourth ground of error alleged is, that the Court erred in allowing the proof of loss to go to the jury for any-other purpose than to show the plaintiffs had complied with the policy, and in permitting plaintiff's counsel to comment to the jury on the proof of loss as evidence, in itself, of the fact of the plaintiff's ownership of the house insured and the value and destruction of the same. It is difficult from this record to ascertain exactly the precise *status* of the case as presented to the Court. These averments appear in the motion for a new trial, certified to by the Judge as having transpired in the case, and we will so treat them. The alleged error embraces a matter of practice as well as a principle of evidence. One of the conditions of the policy is, plaintiffs shall furnish proof of their loss to the company, and in case of suit brought, we hold such proof is held strictly to the effect of showing his compliance with his contract expressed in the policy, but is not in itself evidence either of ownership or destruction, or of the value of goods destroyed. These questions put in issue by the pleadings must be supported by the other proof, subject to cross-examination upon the trial, but as to how far such proof may be used in argument by counsel to the jury, as circumstances of ownership connected with the recital of the policy, is a matter which, when supported by

other evidence which is independent and *aliunde*, is difficult to prescribe.

The company receives the money from the party admitted to have an insurable interest, recognizes him and contracts with him, as the owner, invokes such proof from him, by its conditions, and when offered in evidence to show compliance with the policy, it is for this purpose admissible. But, as we have previously stated, it is not evidence of the facts; and while it may be taken in connection with the policy as a circumstance upon which we are not prepared to say counsel could not comment, yet it is not such proof of ownership or of loss, as the Court should charge was evidence in itself of either. But in this case the *aliunde* testimony on these points was ample and uncontroverted, and though the language of the Court was, in our opinion, erroneous, still, under the well settled adjudication of this Court, it was not such an error as could have misled the jury or would invoke this Court to grant a new trial.

5. And the charge of the Judge, stating "in his opinion Lewis & Brothers had an insurable interest in the house on Bethel's land," was not the proper way to have charged the jury. He ought to have stated: "If you believe from the evidence that Bethel entered into a parol contract with Lewis & Brothers to grant them this land upon which their store was erected, in consideration that they were to build for him a new house on an adjoining lot, and, in pursuance of such contract, they entered upon the land and built their store, and were in process of completing, in terms of their contract, the store for Bethel, in the opinion of the Court, you will find they had an insurable interest in the house which they had erected on said land." But, as this question was before the Court upon a motion for a non-suit, and was made out clearly by the testimony, and submitted to the jury without any evidence by the defendant, we do not think, under the circumstances and proof in this case, the statement of the Judge to the jury in the manner in which it was charged, was such

an expression of opinion as to what had been proven, (it being rather a legal conclusion than an opinion upon facts,) as would justify this Court in granting a new trial; and we therefore affirm the judgment of the Court below.

Judgment affirmed.