38805. TALERICA v. GROVE PARK PLUMBING SERVICE.

TOWNSEND, Presiding Judge. 1. Contracts are to be given a reasonable construction in view of the result to be effectuated. "Where, in such cases, a promise is implied to do those things which according to reason and justice the promisor should do in order to carry out the purpose for which the contract was made, the nature of such implied promise is gathered from the facts and circumstances surrounding the parties at the time the contract was entered into." 12 Am. Jur., 767, Contracts, § 239. Thus, a contract to build may carry with it the implied obligation to do those things necessary for the purpose the building is intended to serve. See *Morrow Transfer & Storage Co. v. Wells Bros. Co.*, 26 Ga. App. 366 (1) (106 S. E. 200) ; *Empire Mills Co. v. Burrell Engineering &c. Co.*, 18 Ga. App. 253 (89 S. E. 530). '

2. As a general rule, a contractor is not entitled to additional compensation for extra work done or materials furnished, the necessity for which is caused by his own negligence or lack of skill. 17 C.J.S. 843, Contracts, § 371 (a).

3. In the present case the owner of a lot upon which a building contractor employed by her was constructing a six-unit apartment house contracted directly with a plumbing contractor to install plumbing fixtures and equipment at a designated price per unit. The undisputed evidence is that neither the owner nor the builder was skilled in plumbing and that, when the foundation was laid, the builder called the plumbing company to come out and ascertain whether the foundation was high enough for the sewerage tie-in with city sewers; that the plumbing contractors came out in answer to this request, and, while specifically stating that it was not their business to tell the builder how high to lay his foundation, did check

a manhole in the street and state that the sewer had an approximate 18-foot depth, which depth would be sufficient to allow proper fall from the property sewerage to the city system. The builder then completed the house, after which it was discovered that the plumbing contractors had examined a storm sewer instead of a sanitary sewer, and that the sanitary sewer under the street in question was of a depth of only four feet, making its use impossible and rendering it necessary for the plaintiff to run her sewerage line to another sewer over a block away. The plaintiff plumbing contractors in this action sue for the value of the extra work which they performed in running this sewer beyond the defendant's original property line.

A plumbing company which engages to install plumbing facilities in a house under construction agrees, as a necessary implication of such contract, that such fixtures will, in their installed condition, be usable. One installing such a system to the specifications of another will not be held to accountability if, because of the negligence of another, the system cannot be used. But where contractors such as the plaintiffs in this case, knowing that their judgment as to the place where it will be necessary for them to lay sewer lines in order to make the system serviceable will be accepted and relied on by the builder as one of the elements entering into the builder's judgment in determining the height of the foundation walls, undertake to make an inspection to determine where it will be necessary to lay their pipes and through negligence fail to properly advise the builder where their lines must be placed in order to make it possible to tie in with city sewerage and thus make the plumbing system workable, such contractors are by their negligence precluded from enforcing payment for extra work necessary to be done by them to correct the mistake. It is true that the plaintiffs here had no duty to and in fact did not tell the builder how high his foundation should be, but they did have a duty to tell him, upon his request, where it would be necessary for them to lay their pipes. Their error in mistaking a storm sewer for a sanitary sewer resulted in the extra work for the value of which they seek to recover here. The evidence showing without conflict that such error was made, and that the work sued for resulted therefrom, the verdict in favor of such plaintiffs, as to

that part of the account sued on, is without evidence to support it.

The defendant admits owing the plaintiffs the sum of $284 under the contract as entered into between the parties.

*The judgment is accordingly affirmed on condition that the plaintiffs write off the excess over this sum; otherwise reversed.*

*Frankum and Jordan, JJ., concur.*

DECIDED APRIL 11, 1961—REHEARING DENIED APRIL 28, 1961.

*Haas, Holland & Zinkow, Richard C. Freeman,* for plaintiff in error.

*Wotton, Long & Jones, Calhoun A. Long,* contra.