### 42310. NATIONAL CASUALTY COMPANY v. DIXON.

EBERHARDT, Judge. 1. In a suit on a collision insurance policy where it appears that there was a bona fide dispute between the insured and the insurer as to the amount of the loss, the difference in the amounts being substantial, neither a charge on nor a verdict for bad faith damages and attorneys fees was authorized. *First Nat. Ins. Co. of America v. Thain,* 110 Ga. App. 603, 606 (139 SE2d 447); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709).

2. A proof of loss does not, standing alone, constitute a demand for payment. *Guarantee Reserve Life Ins. Co. v. Norris,* 219 Ga. 573 (134 SE2d 774), conformed to, 109 Ga. App. 21 (134 SE2d 880); *George Washington Life Ins. Co. v. Smith,* 90 Ga. App. 459 (83 SE2d 302). A demand, to be effective, must be made at a time when the insured has a right to exact present payment, and must be alleged and proven. *Lester v. Piedmont &c. Life Ins. Co.,* 55 Ga. 475, 480; *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214 (2) (132 SE2d 737); *Alliance Ins. Co. v. Williamson,* 36 Ga. App. 497, 504 (137 SE 277); *National Cas. Co. v. Borochoff,* 45 Ga. App. 745 (165 SE 905); *Adams v. Washington Fidelity Nat. Ins. Co.,* 48 Ga. App. 753 (4) (173 SE 247). Unless this appears, a charge on bad faith and attorneys fees is unauthorized and a verdict including them is unsupported.

3. Failure of the court to include in the charge instructions or rules for the computation of damages was error. *Mayor &c. of Americus v. Brightwell,* 90 Ga. App. 341, 344 (3) (82 SE2d 732); *Leggett v. Brewton,* 104 Ga. App. 580, 583 (122 SE2d 469); *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486, 487-490 (127 SE2d 320); *Davis-Pickett Chevrolet v. Collier,* 106 Ga. App. 660 (5) (127 SE2d 923); *Ryder Truck Rental v. Gianotos,* 113 Ga. App. 81 (147 SE2d 448).

4. Where the loss was alleged to have been total and a recovery was sought for the full market value of the vehicle, less $50, deductible under terms of the policy, and it appeared from the evidence that there was salvage of substantial value, a verdict for the full market value, or a total loss, was unauthorized.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED SEPTEMBER 7, 1966—DECIDED SEPTEMBER 28, 1966.

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellant.

*Grant & Matthews, C. A. Matthews, Jr.,* for appellee.