### 47677. KEY LIFE INSURANCE COMPANY OF SOUTH CAROLINA v. MITCHELL.

STOLZ, Judge. Harry L. Mitchell brought this action for the use and benefit of his employee, John C. Mitchell, Sr., against the defendant insurer to recover $2,411.11 for loss of an eye on November 30, 1966, plus 25% of that sum for refusal in bad faith to pay, plus reasonable attorney's fees. Under a blanket accident policy purchased from the defendant by Harry L. Mitchell

covering various employees of his, including plaintiff John C. Mitchell, Sr., the policy provided coverage pertinent to this case for accident indemnity for specific loss, total disability, and hospital and medical expense. The policy limited the insurer's liability for aggregate amounts under the coverage stated to the amount provided for specific member loss.

Despite the defendant's claim of accord and satisfaction, release, and denial of liability in any amount and any liability for refusal in bad faith to pay for attorney's fees, the jury returned a verdict in favor of the plaintiff for $2,411.11, plus $600 for bad faith, and $1,100 for attorney's fees.

The defendant appeals from the denial of its motion for judgment notwithstanding the verdict, and in the alternative, for new trial. *Held:*

1. Appellee's motion to dismiss the appeal, on the ground of the trial court clerk's failure to retain in his office as a permanent record an exact duplicate copy of the record which he sent up in this case with the same pagination, as required by Code Ann. § 6-808 (a), is denied, since there is no indication that the clerk's inaction hampered the appellee in the preparation of his well-written appellate brief or preparation or presentation of argument, or caused any delay in the appeal.

2. Where the plaintiff made a report of accident on a form furnished by the defendant insurer, such report being furnished by the defendant insurer on a motion to produce from its records, the report is admissible in evidence as proof of compliance with policy requirements of notice, though not in proof of the fact of the injury itself; notwithstanding the fact that part of the form contains a doctor's certificate on the form furnished by the defendant, there being other material and credible evidence to establish permanency of the loss claimed. *Southern Ins. &c. Co. v. A. Lewis & Bros.,* 42 Ga. 587, 594; *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 765 (12 SE 18); *Security Life &c. Co. v. Smith,* 220 Ga. 744, 748 (141 SE2d 405). The critical issue here is total loss resulting "from such injuries received in the manner hereinabove indicated within 90 days from the date of the accident." That the injury occurred on the date in question, is not disputed and the evidence shows that the injured party had not been able to see anything out of the injured eye other than light and dark for the first few days after the accident. The statement objected to actually indicated that the permanency is undetermined. Other evidence established the permanency of

loss of sight. *Cotton States Mut. Ins. Co. v. Clark,* 114 Ga. App. 439, 445 (151 SE2d 780). Such report is contemplated by the terms of Ga. L. 1960, pp. 289, 670 (Code Ann. § 56-2427); *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697, 701 (172 SE2d 159), and is the "best evidence" of such report.

3. The court did not err in admitting business record entries of the defendant introduced (over objection) by the plaintiff, which were obtained from the defendant's files by motion to produce, indicating a series of payments to the injured party, each marked "in full settlement of all liability on the claims originating on or about . . . from John Cicero Mitchell" rebutting the plea of accord and satisfaction of the defendant by showing, as contended by the appellee, that such payments were not payments for permanent injury, but were payments for specific medical expenses. This contention was further bolstered by the defendant's introducing the cancelled checks representing the same series of payments with an even stronger statement of "full, final and complete settlement of any and all liability." *Code* § 38-506; Ga. L. 1952, p. 177 (Code Ann. § 38-711).

4. The verdict for bad faith penalty and attorney fees was authorized by the evidence. The mere fact, that the insured made a demand and initially sued for the gross amount specified for the loss of one eye without reducing the demand by the amount of medical expenses paid under another provision, does not excuse the insurer from offering the insured the amount due under the terms of the policy. This is particularly true where, as here, the insured amended his complaint, making the proper deduction. The record is absolutely silent as to any offer by the insurer to pay its insured for the loss of sight in his left eye under the terms of its policy. The record does emphatically and conclusively show that the insurer defended the case on the bases (1) that the insured did not suffer a complete loss of vision in his left eye as contemplated by the policy; and (2) that the plaintiff insured had previously released the defendant from any and all liability as a result of the injury sustained by him (see T., p. 121) and not on the basis that the insured's demand was beyond the provisions of the insurance policy. Uncontradicted evidence showed that the insurer's agent, Gordon, was informed that the insured had suffered a complete loss of vision in his left eye within 90 days of the injury, as required by the policy. The insurer did not offer a scintilla of evidence in support of its contention that the insured did not suffer a complete loss of vision as contemplated

by the policy. Indeed, the insurer's agent (Gordon), with whom the insured was in constant contact, did not testify at the trial of the case and no explanation was offered for his failure to do so. The insurer's defense of release is even more ill-founded. Here, the insurer's only evidence was the drafts delivered in payment of certain other benefits under the policy, which the insurer's own records showed were not made as a settlement of the insured's claim for loss of his eye.

Where there is a complete failure of the insurer to prove any defense to an action on an insurance policy, such is evidence of bad faith as contemplated by Code Ann. § 56-1206, and subjects the insurer to a verdict for the statutory penalty and attorney fees. *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, supra; *Traders Ins. Co. v. Mann,* 118 Ga. 381 (45 SE 426); *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 213 (121 SE2d 649).

We are unable to give credence to the bona fides of the insurer's position, but will stop short of a total rejection and stand on the premise that the issues of bad faith and attorney fees were for the jury to resolve.

The trial judge did not err in denying the defendant's motion for judgment notwithstanding the verdict or, in the alternative, for new trial.

*Judgment affirmed. Bell, C. J., Deen, Evans, and Clark, JJ., concur. Hall, P. J., Eberhardt, P. J., Pannell and Quillian, JJ., dissent.*

Argued January 9, 1973 — Decided May 1, 1973 — Rehearing denied June 14, 1973 — 

*McDonald, Mills & Chasteen, Ben B. Mills, Jr.,* for appellant. *Jay, Garden & Sherrell, Clayton Jay, Jr.,* for appellee.

Pannell, Judge, dissenting from Division 4. A verdict for bad faith penalty and attorney fees is not authorized where a bona fide dispute existed between the insurer and the insured on the question of release, permanency of loss of eyesight, or where the insured made a demand and entered suit for a sum in excess of the maximum amount that insurer would have been required to pay in any event under the policy in question. Ga. L. 1960, pp. 289, 502; 1962, p. 712 (Code Ann. § 56-1206). *Norfolk &c. Mut. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (196 SE2d 167); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709); *Businessmen's Assur. Co. v. Tilley,* 109 Ga. App. 529 (3) (136 SE2d 514); *Georgia Farm Bureau Mut. Ins. Co. v. Boney,* 113 Ga. App. 459 (3) (148 SE2d 457);

*National Cas. Co. v. Dixon,* 114 Ga. App. 362 (151 SE2d 539).

The evidence clearly establishes that the injured plaintiff first sued for $8,000, the principal sum under the policy, (relevant and material to the issue of bad faith but erroneously withheld from the jury). Thereafter, plaintiffs sued for $3,333.33 the gross amount payable for loss of an eye and did not, until after they rested their case at the trial, amend their complaint to deduct the amount of medical expenses paid under another provision of the policy. To permit a recovery for bad faith under these circumstances permits an insured to sue his insurer for an amount in excess of policy limits, amend before the conclusion of the trial, and recover attorney fees and penalty for bad faith on the part of the insurer in contesting the excessive claim.

The question of whether the permanent loss occurred within 90 days of the injury was in dispute. The burden was on the insured (plaintiff) to establish that permanent loss occurred. The insurer (defendant) was entitled to defend on that issue until it was proven that the loss of eyesight had become permanent within 90 days after the injury.

Although I agree that the series of releases marked "full, final and complete settlement of any and all liability" rebutted the plea of accord and satisfaction of the defendant, I cannot say they were not also some evidence of accord and satisfaction for the jury to consider on the issue.

To authorize imposition of the penalty and attorney fees it must appear that the insurer's position as to liability was frivolous and unfounded, and that does not appear here. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214, 219 (132 SE2d 737); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3), supra; *Ga. Farm Bureau Mut. Ins. Co. v. Boney,* 113 Ga. App. 459 (3), supra.

I would affirm the judgment with direction that attorney fees and penalty be stricken from the judgment with costs of appeal upon the appellee.

I am authorized to state that Presiding Judge Hall, Presiding Judge Eberhardt and Judge Quillian join me in this dissent.