## 60469. FIRST OF GEORGIA INSURANCE COMPANY v. WORTHINGTON.

QUILLIAN, Presiding Judge.

Plaintiff brought this action against the defendant insurance company seeking to recover for windstorm damages to his insured merchandise. After a trial, the jury returned a verdict for the plaintiff in the amount of $23,392.00 plus bad faith penalties and attorneys fees. The defendant appeals from the judgment entered on that verdict. *Held:*

1. (a) We find meritorious the defendant's assertion that the trial court erred in failing to charge the jury on the measure of compensatory damages. The trial judge charged as follows: "It is a question of fact for you to determine the amount of damages from the evidence to the property that was done." As was held in *National Cas. Co. v. Dixon,* 114 Ga. App. 362 (3) (151 SE2d 539) and cases therein cited: "Failure of the court to include in the charge instructions or rules for the computation of damages was error." Accord, *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486, 489 (6) (127 SE2d 320); *Davis-Pickett Chevrolet v. Collier,* 106 Ga. App. 660, 662 (5) (127 SE2d 923).

The cases cited by the plaintiff deal with negligence or tort actions and are not applicable. Furthermore, those cases recognized the principles which we have reiterated here; for, as held in one of those cases, *Redd v. Peters,* 100 Ga. App. 316, 320 (111 SE2d 132): "It is further contended that the court's charge on the measure of damages was error for the reason that he failed to give any ascertainable rule for fixing the amount of damages. Such failure is of course error."

(b) As further evidence that the jury was left without compass or rudder to guide them in ascertaining damages, the defendant's assertion that the jury verdict was excessive in that it was outside the range of the evidence adduced at trial is also sustained by the evidence.

The plaintiff sought recovery for damage to his merchandise. He testified and submitted a detailed listing to the effect that the total value of the merchandise which was damaged by the water was $28,393.01. However, the plaintiff stated he received $5,000.79 when a portion of this damaged property was sold. Moreover, he also conceded on cross-examination that the remaining merchandise for which he was claiming a loss of $23,392.22 ($28,393.01 less $5,000.79) had a value of between $4,000 and $5,000. Since this was the only proof offered in this regard, the jury was not authorized to find damages in the amount of $23,392.00 *National Cas. Co. v. Dixon,* 114 Ga. App. 362 (4), supra.

2. In two enumerations of error the defendant contends that it was error to fail to direct a verdict in its favor. It is argued that the plaintiff failed to prove that the loss came within the provisions of the insurance policy and that the plaintiff failed to produce evidence sufficient for the jury to calculate compensatory damages. These assertions are without merit.

As to the first of these two enumerations of error, there was opinion testimony by an expert witness that the cause of the roof collapse which resulted in damage to the merchandise was "high wind." Regarding the second assertion, the plaintiff introduced evidence which tended to show the basis for recovery under the terms of the policy, to wit: "the actual cash value of the property at the time of the loss."

The evidence in this regard was sufficient to withstand a motion for a directed verdict. *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465, 567 (136 SE2d 525). See *Kytle v. Ga. Farm Bureau Mut. Ins. Co.,* 128 Ga. App. 109 (2) (195 SE2d 787).

3. The remaining enumerations of error are not likely to recur on the retrial of this case. It should be observed that with regard to bad faith penalty and attorney fees that the principles regarding such issue are set forth in *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745): "the insurer's defense must be evaluated because if there was 'reasonable and probable cause to make it' an award for damages and attorney fees for bad faith is not authorized. Not every defense bars a finding of bad faith. It is a defense which raises a reasonable question of law or a reasonable issue of fact though not accepted by the trial court or jury."

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 30, 1980 — REHEARING DENIED NOVEMBER 25, 1980 —

*Jack F. Witcher,* for appellant.
*Joseph N. Anderson,* for appellee.