63076. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. COLLINS et al.

QUILLIAN, Chief Judge.

Georgia Farm Bureau Mutual Insurance Company (GFB) brought this action against its insured, appellee Collins, and his mortgagee, for a declaratory judgment that GFB's homeowner's insurance policy covering Collins' dwelling which was destroyed by fire, was null and void because of material misrepresentations made by Collins in applying for the policy. A more detailed statement of the facts which caused GFB to commence this action is contained in *Ga. Farm &c. Co. v. First Fed. &c. Assn.,* 152 Ga. App. 16 (262 SE2d 147) in which we affirmed the trial court's grant of summary judgment to the mortgagee. Collins counterclaimed for the policy coverages, bad faith penalties and attorney fees. A jury trial resulted in a verdict for Collins "in the amount of $38,000, which is $20,000 contents, $7,000 remainder of dwelling coverage, and $8,000 loss of use, plus $3,000 lawyer fees." After the jury was dispersed the parties agreed that the evidence did not support the $8,000 award of loss of use and that the attorney fees award exceeded a stipulation of the amount. Thereupon, on Collins' motion and over GFB's objection, the trial court amended the verdict by striking the $8,000 award of loss of use and the $3,000 for attorney fees, and entered judgment for Collins in the amount of $27,000. GFB appeals the verdict and the judgment. *Held*:

1. Error is asserted in two enumerations because the trial court amended the verdict on a matter of substance after the jury was dispersed, contrary to Code Ann. § 110-111, and because a portion of an illegal verdict cannot be written off to make it legal if it is so ambiguous the illegal portion cannot be determined, citing *Walton v. Johnson,* 212 Ga. 378 (92 SE2d 861).

We find no error. The verdict here is certainly not ambiguous, as each element thereof is specifically designated and all the elements add up to the total, contrary to the authority cited.

Furthermore, the items written off were not supported by

evidence. Code Ann. § 110-112 provides that if part of a verdict is legal and part illegal, the court may order it amended by entering a remittitur as to the illegal part and give judgment for the balance.

An amendment in substance after the jury is dispersed does not require reversal when the amount of the recovery is reduced in favor of the appellant. *Ace Parts &c. Inc. v. First Nat. Bank,* 146 Ga. App. 4 (3) (245 SE2d 314). "[A]ppellants will not be heard to complain of the judgment awarding an amount less than the jury declared they owed. Code Ann. § 110-112; [Cits.]" *Bagwell v. Sportsman Camping &c. Inc.,* 144 Ga. App. 486 (2), 488 (241 SE2d 602).

2. The general grounds are raised in six enumerations. It is claimed that the verdict as amended is not supported by the evidence.

This court does not pass on the weight of the evidence, only on the sufficiency thereof. If there is any evidence to sustain a jury's verdict we will not disturb it. *Howard v. Howard,* 150 Ga. App. 213 (1) (257 SE2d 336). "This court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cits.] *Williams v. Stankowitz,* 149 Ga. App. 865, 866 (256 SE2d 147).

GFB argues that because Collins was the only witness for the defense and because he was shown to have made prior statements inconsistent with portions of his testimony, his testimony should be disregarded. A party's testimony is construed most strongly against him if it is contradictory, vague and equivocal. *Dowling v. Tracy,* 116 Ga. App. 43 (1) (156 SE2d 524). However, we do not find Collins' testimony to be suffering from such defects to the extent it should be disregarded as incredible as a matter of law.

On the issue of whether Collins made material misrepresentations in obtaining the policy the evidence was conflicting with GFB's evidence indicating that he did and Collins testifying that he did not. We find that the evidence was sufficient to authorize the jury to find that no representations were made by Collins which would void the policy and that Collins was therefore entitled to recover on the policy.

3. Collins presented some evidence concerning the nature and monetary extent of his various losses, and the trial court in its charge did instruct the jury on the measure of special damages for bad faith penalties and attorney fees. However, the instructions given on the measure of compensatory damages for Collins' claim for recovery under the policy were inadequate to instruct the jury, to which GFB made appropriate objection.

This was error.

"As was held in *National Cas. Co. v. Dixon,* 114 Ga. App. 362 (3) (151 SE2d 539) and cases therein cited: 'Failure of the court to include in the charge instructions or rules for the computation of damages was error.' Accord, [Cits.]" *First of Ga. Ins. Co. v. Worthington,* 156 Ga. App. 588 (1) (275 SE2d 87).

Therefore, the verdict and judgment must be reversed.

4. In several enumerations, it is contended that the trial court erred in either giving or failing to give certain charges on fraud, burden of proof, rescission of the policy and form of verdict therefor.

We find no error as the charge as a whole fairly presented the law on the circumstances under which the policy could be rescinded and the other matters complained of and was adjusted to the evidence in the case. *Jones v. Tyre,* 137 Ga. App. 572 (3) (224 SE2d 512).

5. The remainder of the 30 enumerations are either mooted by the foregoing findings, are not meritorious, or are not likely to recur in further proceedings.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1982.

*Ogden Doremus,* for appellant.
*M. Francis Stubbs, Sam L. Brannen,* for appellees.