A90A1640. BUTTS v. THE STATE.
(401 SE2d 763)

BEASLEY, Judge.

Butts, charged with Cuffie and Jackson with one count of murder and three counts of armed robbery, appeals his conviction of the armed robbery counts, OCGA § 16-8-41 (a). The three were acquitted of malice murder and a mistrial was declared on the felony murder charge.

1. Defendant enumerates error in the denial of his motion for new trial on the general grounds, *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

The evidence is viewed in favor of the verdict. *Thomas v. State*,

173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985). Added to this principle is the "thirteenth juror's" judgment, delivered by denial of the motion for new trial. *Barnes v. State*, 175 Ga. App. 621, 623 (1) (334 SE2d 205) (1985), rev'd in part on other grounds 255 Ga. 396 (339 SE2d 229) (1986).

The evidence was that on May 21, 1989, co-defendants Cuffie and Jackson had stolen a Cougar automobile. On Friday night, May 26, they and appellant Butts rode around in the car, arriving at Grant Park around 10:30 or 11:00 p.m. Before exiting the car, Butts asked Jackson for the .38 pistol and checked to make sure it was loaded. The three men exited the car after spying two women and a man sitting hear the gazebo talking. Compton, the man, told the women that he felt uneasy in the park and wanted to leave. He then noticed the three men approaching and told the women to stay until they passed by.

One of the three men, with defendant holding the weapon,[1] ordered the three victims to lie face down on the ground. Defendant removed a pearl handled .25 caliber pistol from Compton and jewelry from one of the women. Compton was shot in the back, by a large caliber weapon, such as a .38.

The evidence was sufficient to enable a reasonable juror to find defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant complains of portions of the court's charge to the jury, as violating OCGA § 17-8-57 by pressuring the jury towards a guilty verdict. The statements, which came during the court's instructions on the requirement of verdict unanimity, were: "[i]f you cannot unanimously agree upon a verdict, the Judge is required by law to declare a mistrial and re-try the case before another jury," and "I caution you about this because we do have mistrials. . . ."

Defendant did not object during the charge immediately thereafter but only made a reservation of right to object later. While such a reservation is sufficient to attack charges given or refused, it is not adequate to maintain an objection under OCGA § 17-8-57. " ' "The question of whether [OCGA § 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made." Therefore, this enumeration of error is without merit.' *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979)." *Anglin v. State*, 173 Ga. App. 648, 652 (5) (327 SE2d 776) (1985). Moreover, the charge as given was a correct statement of the law. *Cunningham v. State*, 255 Ga. 35, 37 (3) (334 SE2d 656) (1985).

---

[1] Cuffie, who pled guilty and testified against defendant, and the two female victims identified defendant as the person with the gun.

3. During voir dire, one of the panel who had suffered an assault himself indicated that he could not put that experience aside. Defendant moved to strike him for cause. The court, seeking further information from the man, asked why he would be biased against the defendant and he responded, "I don't like the way the man looks. He has evil eyes." That venireman was excused on defendant's objection.

The court inquired of the remaining veniremen if any had been affected by his statement. One woman stated that she was affected by it but denied that it would in any way impair her ability to be fair and impartial.

Defendant moved to strike the entire panel on the basis that the stricken juror's statement prejudiced her client before the entire panel. Denial of this motion is enumerated as error.

"The conduct of voir dire and decision of whether to strike a juror for cause lies (sic) within the sound discretion of the trial court. *Welch v. State*, 237 Ga. 665 (5) (229 SE2d 390); *Gatlin v. State*, 236 Ga. 707 (2) (225 SE2d 224)." *Hughey v. State*, 180 Ga. App. 375, 377 (2) (348 SE2d 901) (1986).

The court immediately granted defendant's motion to strike the juror for cause and inquired of the jury as stated above. We find no abuse of discretion. There is no reason to conclude that any juror was prejudiced by the statement, which was one of personal opinion based on observation of the defendant and was not related to the charges for which he was being tried. *Giles v. State*, 253 Ga. 144, 145 (2) (317 SE2d 527) (1984); *Scott v. State*, 177 Ga. App. 474, 476 (2) (339 SE2d 718) (1986). The court's prompt corrective action was sufficient.

4. The fourth enumeration claims it was error to deny defendant's motion for mistrial, made during the court's recharge.

After the jury had announced it had reached verdicts on all but one count, later revealed to be the felony murder count, the jury requested reinstruction on elements of that offense. Thereafter, defendant's counsel stated, "I'd like to object to the court's comment. I'd like to object to having the jury out here making comments. They were deliberating in open court. I'd like to move for a mistrial, and I would also like to reserve my objections to the additional charge that the court has given."

Without considering the sufficiency of the objections to the charge and the motion, all of the objected-to matters dealt with the murder counts. As to one of these counts, the jury found defendant not guilty; the other count was mistried.

Additionally, the recharge was not erroneous. *Lobdell v. State*, 256 Ga. 769, 776 (13) (353 SE2d 799) (1987); *Asbury v. State*, 175 Ga. App. 335, 337 (2) (333 SE2d 194) (1985). Even if it was, no reversal is required because no harm is shown. "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not

an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Brown v. City of Atlanta*, 66 Ga. 71, 76 (1) (1880); *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53) (1972); *Stamey v. State*, 194 Ga. App. 305, 309 (4) (390 SE2d 409) (1990).

5. Finally, defendant objects, on grounds of undue prejudice, to the admission into evidence of three photographs of the deceased victim taken as part of the autopsy. The photographs, although gruesome, were relevant and material to show the wound locations. *Brooks v. State*, 258 Ga. 20, 22 (3) (365 SE2d 97) (1988); *Buice v. State*, 191 Ga. App. 7, 9 (6) (380 SE2d 741) (1989).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 23, 1991.

*Christine A. Van Dross*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Richard E. Hicks, Assistant District Attorneys*, for appellee.