## A92A0918. BREWSTER v. THE STATE.
(424 SE2d 8)

BIRDSONG, Presiding Judge.

Alberto Brewster appeals his conviction for possession of cocaine with intent to distribute.

Macon police officer Robert Spires was patrolling Cochran Avenue about 9:30 p.m. on February 18, 1991. Cochran Avenue was "a well known high drug area." He saw several men "hanging out," which raised his suspicions of drug activity. He and Officer Reggie McMillan met in a parking lot one street over from Cochran, parked their cars and walked through the woods toward the area where Spires had seen the group of men. The officers spied on the men, who were well-illuminated by streetlights. The officers saw a car pull up. A man got out and approached appellant, who wore a blue jump suit; they walked to an area between two buildings. Spires could see "an exchange" but could not see what was exchanged. The other man left in his car and appellant came back to the street. A station wagon stopped; appellant took out a yellow packet, poured the contents into his hand and picked through them; he approached the car, stuck his head in the window and handed something to the driver. A third car stopped; a man wearing an army jacket went to the car and asked, "What do you need?" That man then went back to appellant, who again poured the contents of his yellow packet into his hand and picked among them. The apparent customer handed money to the man in the army jacket and all three walked to the front of the car; the man in the army jacket took something from the driver. A pickup truck stopped; again, the man in the army jacket approached the driver and said something to the effect of what do you need; appellant walked to the truck, dumping the contents of the yellow packet into his hand and picking through. As appellant and the man with the army jacket stood at the truck, the officers moved in. Appellant dropped his yellow packet on the ground and Spires stopped him.

The yellow packet, found partially balled-up under the car, was an M & M's candy wrapper. Inside was a piece of crack cocaine; two more pieces lay on the road about an inch and a half from the opening of the packet. The man in the army jacket escaped into the woods.

Appellant testified he went to Cochran Avenue to help a friend, Larry White, move Larry's girl friend from one apartment to another nearby. At about 6:00 p.m., appellant went out to the street and stood around to watch what was going on. He was there until about midnight. He did not know any of the other people standing on the street and did not notice the man in the army jacket approaching cars. When the police officers emerged from the woods, appellant had in his hand a napkin and a $20 bill, and he was eating M & M's. *Held*:

1. The evidence, construed in favor of the jury's verdict, is sufficient to enable a reasonable trier of fact to find appellant guilty of possession of cocaine with intent to distribute beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant contends the officers found no cocaine directly within his possession, but this is a misconstruction of the evidence. A piece of cocaine was found in the yellow packet immediately *after* appellant dropped the packet, after appellant was seen to handle the contents of that same yellow packet by dumping them in his hand while participating in two apparent exchanges from that same packet. No one else was seen to handle the yellow packet. This evidence is at least circumstantial evidence of possession of the cocaine found in the balled-up candy wrapper, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. As to whether a hypothesis is reasonable, that is a jury question. *Harris v. State*, 236 Ga. 242, 244 (223 SE2d 643).

2. Appellant contends his constitutional rights and his rights under OCGA § 24-9-20 (a) were violated by the trial court's allowing the prosecutor, over objection, to question him as to why he failed to subpoena his two friends.

Following cross-examination of appellant as to his helping his friends move, the prosecutor asked: "Q: These people . . . that you were going to move . . . where are they today? A: I don't know where they are. [Objection.] A: I couldn't answer that no way . . . I don't know where they're at. I've been in jail . . . THE COURT: Well, you can ask him where they are. Of course, he doesn't have to produce witnesses or testify or produce evidence or anything. He doesn't have to do anything. But you can ask him where a person is if you want to." All this was said in the presence of the jury.

As to the rationale and constitutional implications of the rule that the State may argue the inferences to be drawn from a defendant's failure to produce witnesses but the defendant may not com-

ment on the State's failure to produce certain witnesses, see *Wilson v. Zant*, 249 Ga. 373, 384-385 (4) (290 SE2d 442); *Shirley v. State*, 245 Ga. 616, 617 (1) (266 SE2d 218); *Contreras v. State*, 242 Ga. 369, 372 (3) (249 SE2d 56). It is unreasonable to infer that witnesses not called by the State would exonerate the defendant, but, when the defendant alludes to the existence of persons who would corroborate his defense, yet he did not call them, it is reasonable to infer that there exists no such favorable evidence. *Wilson v. Zant*, supra.

Moreover, the issue arises in this case not in the context of commentary to the jury, but in the context of cross-examining appellant. Earlier appellant on direct examination was asked by his own counsel: "Q: Have you heard from or seen any of these people that were on the streets since that occasion? A: No. Q: Before or since? A: No." "These people" were those with whom appellant stood on the street from 6:00 until 12:00, and who would presumably have direct knowledge of the activities on the street. Having himself, on direct examination, raised as a defense the unavailability of witnesses who could corroborate his defense, he could not then object when, on cross-examination, the State asked the same question as to people who he concedes could not exonerate him.

Moreover, the prosecutor did not ask appellant why he did not subpoena these witnesses. Even assuming, contrary to the reasoning in *Wilson v. Zant*, supra, *Shirley v. State*, supra, and *Contreras v. State*, supra, that the questioning was improper, and even assuming that the questioning implied there was some burden on appellant to produce these witnesses, still the jury could not reasonably have made any inference detrimental to appellant. His friends' testimony, as appellant concedes, could not exonerate him. They were not witnesses to the crime and they could testify only as to why he originally came into the neighborhood. Appellant has proved no error; but assuming error, he has shown no harm. See *Butts v. State*, 198 Ga. App. 368, 370 (401 SE2d 763).

3. Appellant is therefore not entitled to a new trial.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 9, 1992 —
RECONSIDERATION DENIED OCTOBER 9, 1992.

*Sell & Melton, Jeffrey B. Hanson*, for appellant.

*Willis B. Sparks III*, District Attorney, *Vernon R. Beinke, Dealvah E. Hill, Thomas J. Matthews*, Assistant District Attorneys, for appellee.