A92A2187. MARTIN v. McKENNEY et al.
(429 SE2d 270)

McMURRAY, Presiding Judge.

Carl H. McKenney and Mildred McKenney filed an action against B. T. Martin d/b/a B. T. Martin, Jr. Construction Company, alleging that they entered into a contract with Martin for the construction of a house; that Martin "failed and refused to erect the dwelling house in a timely fashion[; that Martin] erected [the house] at unreasonable and unnecessary costs[; that Martin] failed to supervise the project in a workmanlike manner[; that Martin] failed to erect the same at a cost commensurate with the reasonable charges and expected charges for such construction, and [that Martin] negligently carried out his duties to supervise the . . . job and bring the same in at a reasonable cost." The McKenneys sought damages in the amount of $136,906, alleging the house cost them "$136,906.00 . . .

468 (6) (405 SE2d 483) (1991).

over the maximum amount that said dwelling would have cost had the defendant complied with his agreement and supervised the job in a proper and acceptable manner and in a nonnegligent fashion."

Martin denied the material allegations of the complaint and counterclaimed, alleging that the McKenneys agreed to pay him "on a costs plus ten percent basis . . ." for construction of the house and that they owe him $24,721.42 for services, labor and materials provided on the construction project. The case was tried before a jury and the evidence revealed the following:

In January 1989, Carl H. McKenney offered Martin $7,500 to initiate construction of a house and detached garage on property owned by the McKenneys. Carl H. McKenney offered to pay for all labor and materials, but he did not mention a fee for Martin's services. Martin accepted the $7,500 and began work on the project. Martin later gave Carl H. McKenney a written contract providing that Martin pay him on a cost plus ten percent basis. McKenney did not execute this agreement as it was his understanding that Martin would charge and be paid a fair and reasonable amount.

During construction, Martin periodically presented Carl H. McKenney with receipts for labor and materials. McKenney paid these bills without question. However, on April 13, 1990, Martin presented McKenney with a receipt for materials which McKenney could not immediately pay. Martin then withdrew from the construction project and later presented McKenney with a receipt for materials in the amount of $2,221.42 and a bill for services in the amount of $22,500. (The McKenneys had expended almost $300,000 for labor and materials at the time Martin withdrew.) McKenney refused to pay these bills and called in another contractor to finish the job. The new contractor finished the project for $84,446. (The fair market value of the house and garage after completion was $267,000.)

The jury returned a general verdict for the McKenneys in the amount of $55,621 and did not enter a verdict on Martin's counterclaim. This appeal followed the denial of Martin's motion for new trial. *Held*:

1. In his first enumeration of error, Martin contends the trial court erred in denying his motion for new trial, arguing the evidence was insufficient to support the jury's verdict.

If a construction "contract was wrongfully breached or abandoned by the contractor without fault on the part of the owner, the measure of damages to the owner is the reasonable cost of completion, represented by the difference between the contract price and the reasonable and necessary cost to the owner to have the work done in accordance with the terms of the original contract. *Palmer v. Howse*, 133 Ga. App. 619 (212 SE2d 2) (1974)." *Stowers v. Hall*, 159 Ga. App. 501 (2), 502 (283 SE2d 714). In the case sub judice, neither Martin

nor the McKenneys assert that a specific contract price was set for completion of the house and garage. Consequently, there is no basis for measuring additional costs, if any there be, stemming from Martin's alleged abandonment of the project. However, there is evidence to support a finding that Martin's substandard performance under the contract cost the McKenney's more than the jury's $55,621 verdict.

"As a general rule, a contractor is not entitled to additional compensation for extra work done or materials furnished, the necessity for which is caused by his own negligence or lack of skill. 17 C.J.S. 843, Contracts, § 371 (a)." *Talerica v. Grove Park Plumbing Svc.*, 103 Ga. App. 591 (2) (120 SE2d 36). In the case sub judice, Louis E. Harper, Jr., an engineer and experienced builder, testified that he examined the McKenney house and garage after Martin walked off the job and determined that the value of the labor and materials provided by Martin was approximately $170,000. Harper testified that he examined the McKenneys' plans and specifications and all change orders and determined that the total construction cost for the house and garage, including builder fees, should not have exceeded $267,000. Harper also testified that Martin left the job at a time when the house was "[a]pproximately 60- to 65-percent complete." This testimony and evidence that the McKenneys paid Martin approximately $300,000 for labor and materials is sufficient to authorize a finding that Martin breached an implied duty to perform services in a reasonable and skillful manner and that his failure to do so resulted in cost overruns exceeding the jury's $55,621 verdict. See *Talerica v. Grove Park Plumbing Svc.*, 103 Ga. App. 591 (2), supra.

2. Martin contends in his second enumeration of error that the "trial court erred in allowing counsel for plaintiff to argue matters in his concluding argument that were not in rebuttal to defense counsel's argument." This contention is without merit for the reasons stated in *Dixon v. State*, 196 Ga. App. 15, 18 (9) (395 SE2d 577).

3. Martin contends in his third enumeration that the trial court erred in allowing his deposition to be read in evidence after he testified extensively on cross-examination. This contention is without merit.

"Depositions upon oral examination of witnesses available to testify are admissible in the discretion of the trial court because of the opportunity by each party to thoroughly examine the witness at the taking of the deposition." *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52, 54 (295 SE2d 827).

4. Next, Martin contends the "trial court erred in allowing plaintiff Carl H. McKenney to give his opinion as to whether [Martin] had a right to abandon the job." This enumeration provides no basis for a new trial.

This court only corrects errors that have practically wronged the complaining party. *Butts v. State*, 198 Ga. App. 368, 370 (4) (401 SE2d 763). In the case sub judice, Carl H. McKenney testified: "I don't think Mr. Martin had any reason for backing off of that job, no, sir." It is highly unlikely that this comment affected the jury's verdict. The statement simply summed up other testimony indicating McKenney's view that Martin was not justified in quitting before the construction project was complete.

5. In his fifth and sixth enumerations, Martin contends the trial court's instruction on severability was not adjusted to the evidence, arguing that the construction contract "was not an entire contract and was severable by its very nature."

" 'The issue of the severability of a contract is determined by the intention of the parties, as evidenced by the terms of the contract. Code Ann. § 20-112 [now OCGA § 13-1-8]; *Spalding County v. Chamberlin & Co.*, 130 Ga. 649, 654 (61 SE 533) (1908).' *Dozier v. Shirley*, 240 Ga. 17, 18 (239 SE2d 343) (1977). 'If it appears that the contract was to take the whole or none, then the contract would be entire. Clark, Con. 657.' *Broxton v. Nelson*, 103 Ga. 327, 331 (30 SE 38) (1897); *Dolan v. Lifsey*, 19 Ga. App. 518, 519 (91 SE 913) (1917)." *Horne v. Drachman*, 247 Ga. 802, 804 (2), 805 (280 SE2d 338).

In the case sub judice, there is no dispute that the parties entered into an agreement for Martin to supervise construction of a house and garage for the McKenneys. Further, Martin testified that he was to perform these services on a cost plus ten percent basis. This evidence alone authorized the trial court's charge on severability. See *Barnes v. Goodner*, 77 Ga. App. 448 (1a) (49 SE2d 128).

6. Martin contends in his seventh and eighth enumerations that the trial court erred in giving the following jury instruction: "[W]here a building contractor without justification fails to complete the work as agreed upon in the contract between the parties, and if you otherwise find under the charges that I have and will give you that the building contractor is entitled to compensation for the work that he did perform, then the amount of compensation to which such building contractor would be entitled would be limited to the reasonable value of the work actually done and completed at the time the builder abandoned the contract if you found it was abandoned."

This court only corrects errors that have practically wronged the complaining party. *Butts v. State*, 198 Ga. App. 368, 370 (4), 371, supra. In the case sub judice, we fail to understand how Martin was injured by the trial court's charge on quantum meruit recovery. This enumeration is without merit.

7. In enumeration nine, Martin contends the "trial court erred in failing to instruct the jury as to the measure of damages if they found that [he] was justified in leaving the job."

The trial court gave a general charge on damages for breach of contract as provided in OCGA § 13-6-2, but did not give instructions (pursuant to an oral request by Martin's trial counsel) as to the measure of damages for early termination of a cost plus contract by the owner.

" ' "[W]here there has been no written request to charge, failure to give the charge is not error. (Cits.)" (Cits.)' *Lamb v. State*, 196 Ga. App. 665, 667 (3) (396 SE2d 497) (1990)." *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219). In the case sub judice, Martin failed to submit written requests for instructions as to the measure of damages for breach of a cost plus contract. Consequently, we find no error in the trial court's failure to give such a charge. Compare *First of Ga. Ins. Co. v. Worthington*, 156 Ga. App. 588 (1a) (275 SE2d 87).

8. Contrary to Martin's contentions in his tenth and eleventh enumerations, the trial court did not err in allowing the testimony of Louis E. Harper, Jr., regarding the reasonable value of labor and material provided by Martin on the construction project and the "reasonable cost of constructing the [McKenneys'] home." Harper's testimony was relevant to the allegation that Martin failed to perform the contract in a skillful and reasonable manner, i.e., that Martin failed to provide reasonably priced labor and materials and that Martin failed to skillfully manage said resources according to industry standards. See *Talerica v. Grove Park Plumbing Svc.*, 103 Ga. App. 591 (2), supra.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 26, 1993 —
RECONSIDERATION DENIED MARCH 16, 1993 —

*Reinhardt, Whitley & Wilmot, Glenn Whitley*, for appellant.
*John T. Croley, Jr.*, for appellees.