A09A0365. LATTY v. THE STATE.
(676 SE2d 882)

ANDREWS, Presiding Judge.

Jamey Michael Latty appeals from the judgment of conviction entered on a jury verdict finding him guilty of possession of methamphetamine. His sole claim of error is that the trial court erred by allowing the prosecutor to cross-examine him about his failure to produce a witness to support his defense. For the following reasons, we find no error and affirm.

1. A police officer, who observed a car traveling on Interstate 20 with an obscured tag and following another vehicle too closely, stopped the car for these offenses. Latty was driving the car, and Latty's co-defendant, Rickey Shane Flynt, was the sole passenger. When the officer smelled the odor of burnt marijuana coming from inside the car, he summoned another officer with a drug-sniffing dog, who arrived during the traffic stop. The dog sniffed around the car and alerted to the presence of illegal drugs in the car. Based on this information, the officers searched the car; found suspected methamphetamine hidden in the trunk in a bag; and Latty and Flynt were

---

[16] *Jones v. State*, 245 Ga. 592, 598 (4) (266 SE2d 201) (1980).
[17] See id.
[18] (Citations omitted.) Id.

arrested for possession of methamphetamine. The suspected substance was tested at the State Crime Lab and proved to be 6.83 grams of methamphetamine. Although Latty testified and denied any knowledge of the methamphetamine, Flynt pled guilty and testified for the State that he and Latty traveled that day from Alabama to Atlanta to jointly purchase the methamphetamine from their supplier, and that they jointly possessed the methamphetamine and hid it in a bag in the trunk. As similar transaction evidence, the State showed that Latty had previously been convicted of unlawful manufacture of methamphetamine. The evidence was sufficient for a rational trier of fact to find Latty guilty beyond a reasonable doubt of possession of methamphetamine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his defense, Latty testified that, as a favor to his friend Flynt, he drove Flynt's girlfriend and another female named Nichelle from Alabama and dropped them off in the Atlanta area. According to Latty, the trip had nothing to do with purchasing methamphetamine, and he just assumed that the bag he saw Flynt put in the trunk when they departed on the trip belonged to Flynt's girlfriend. Latty claims that the trial court erred by allowing the prosecutor to question him, over objection, about whether or not he intended to produce Nichelle as a witness to verify his story. Latty objected on the basis that the question improperly shifted to him the State's burden to produce evidence of guilt.

The Due Process Clause of the Fifth Amendment requires the State to carry the burden of proving beyond a reasonable doubt every essential element of the charged crime. *In re Winship*, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368) (1970).

> While no *legal presumption* may arise from the [defendant's] failure to introduce certain witnesses, it is proper for [the prosecutor] to draw an inference of fact from such failure and comment on the failure to the jury when there is competent evidence before the jury that the missing witness has knowledge of material and relevant facts.

(Emphasis in original.) *Morgan v. State*, 267 Ga. 203, 205-206 (476 SE2d 747) (1996). For example, when a criminal defendant testifies at trial about the existence of a witness with knowledge of relevant facts, and the witness does not testify, the prosecutor is entitled to comment in closing argument on the defendant's failure to produce the witness, and this does not improperly shift the burden of proof to the defendant. Id. at 206. Moreover, when a defendant testifies about a witness who could corroborate his defense, but does not call the witness, it is reasonable for the prosecutor to infer that there exists

no such favorable witness. *Brewster v. State*, 205 Ga. App. 770, 772 (424 SE2d 8) (1992). Latty advanced his defense by testifying that his sole purpose was to give a ride to Flynt's girlfriend and to Nichelle, and that he had no knowledge of the methamphetamine in the car. Even though Latty claimed on cross-examination that he did not know how to locate Nichelle, the prosecutor was entitled to cast doubt on his story by questioning him about why he had not produced Nichelle as a witness to support his defense. Id.; *United States v. Schultz*, 698 F2d 365, 367 (8th Cir. 1983). The trial court did not err by overruling Latty's objection.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 31, 2009.

*Joseph S. Key*, for appellant.

*David McDade, District Attorney, Jeffrey M. Gore, Assistant District Attorney*, for appellee.